CLAUDE TOLSON MURDOCK v. ERNEST E. RATLIFF, ADMINISTRATOR OF THE ESTATE OF PATRICK ENYI UZOH, DECEASED, MICHAEL LANE MOSS AND ERNEST RAY CARDWELL

CONNER HOMES CORPORATION v. ERNEST E. RATLIFF, ADMINISTRATOR OF THE ESTATE OF PATRICK ENYI UZOH, DECEASED, MICHAEL LANE MOSS AND ERNEST RAY CARDWELL

ERNEST E. RATLIFF, ADMINISTRATOR OF THE ESTATE OF PATRICK ENYI UZOH, DECEASED, AND CECILIA UZOH, WIDOW OF DECEASED, PATRICK ENYI UZOH v. MICHAEL LANE MOSS AND ERNEST RAY CARDWELL

No. 8210SC855

(Filed 19 July 1983)

1. **Rules of Civil Procedure § 50 — directed verdict motion — made after charge to jury**

   Where it seems clear from the record that as a matter of convenience the parties agreed to put all their formal motions and stipulations in the record

Murdock v. Ratliff; Conner Homes v. Ratliff; Ratliff v. Moss

after the jury retired, there was no merit to appellant's argument that two parties' motions for directed verdict were not timely because they were not made immediately after the close of defendant's evidence, but were made after the charge to the jury. Further, the fact that the trial judge withheld his ruling on the directed verdict motion until after the jury announced that it was unable to reach a verdict, was not grounds for reversal.

2. **Automobiles and Other Vehicles § 55; Rules of Civil Procedure § 56.6— summary judgment in negligence action proper—credibility manifest**

Where all the evidence at trial, viewed in the light most favorable to appellant, unequivocally showed that appellant's decedent either suddenly stopped or almost stopped on the highway, his car was hit from behind by Moss' truck, it crossed the center line, and then it collided with Conner Homes' truck, the evidence showed a violation of the standard of care required by G.S. 20-141(h) which constituted negligence *per se*. Appellant's evidence neither contradicted any evidence of appellant's decedent's negligence nor materially impeached the appellees. The credibility of the movants' evidence was manifest, and directed verdict in their favor was proper.

3. **Rules of Civil Procedure § 50.2; Trial § 6.1— admission of party's complaint into evidence—judicial admission**

In a negligence action in which movants' motion for directed verdict was granted, appellant admitted the truth of movants' allegations by introducing the movants' complaint into evidence.

Judge BECTON dissenting.

APPEAL by defendant from *Preston, Judge.* Judgments entered 3 September 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1983.

This claim arose from a car accident that occurred on 17 August 1979. The accident involved three vehicles. Claude Tolson Murdock was driving a 1977 Ford truck owned by Conner Homes Corporation eastbound on highway 64. Patrick Enyi Uzoh, who was killed in the accident, was driving a 1979 Plymouth westbound on highway 64. His car was owned by the North Carolina Department of Administration. Behind Uzoh, a 1974 Mack 18-wheeler truck, owned by Ernest Ray Cardwell, and operated by Michael Lane Moss, was travelling west on highway 64. As Uzoh approached Murdock, he suddenly stopped or slowed down almost to a stop, and Moss' truck struck Uzoh's car in the rear, causing the Plymouth to cross the center line into Murdock's path and strike Murdock's vehicle head-on. Murdock was injured in the collision, and the Conner Homes' truck and the trailer it was carrying were damaged. The Plymouth and the Mack truck were also

damaged. Subsequently, the following lawsuits were brought. Conner Homes sued Ernest E. Ratliff, Administrator of Uzoh's estate, and Moss and Cardwell, alleging that their negligence caused property damage to Conner Homes' truck and trailer. Ratliff denied any negligence by Uzoh, and asserted crossclaims for contribution against codefendants Moss and Cardwell. Defendants Moss and Cardwell also denied negligence and asserted crossclaims against Ratliff for contribution and for property damage to Cardwell's truck. Murdock sued Ratliff and Moss and Cardwell alleging their negligence caused his personal injuries. The defendants denied negligence. Ratliff asserted crossclaims for contribution against Moss and Cardwell. Moss and Cardwell asserted crossclaims for contribution and for property damage against Ratliff. Cecilia Uzoh, Uzoh's widow, and Ratliff sued Moss and Cardwell seeking recovery for Uzoh's wrongful death and for loss of consortium. Moss and Cardwell denied negligence and counterclaimed for property damage to the truck. Ratliff and Mrs. Uzoh replied asserting the doctrine of last clear chance.

All three cases were consolidated for trial. The issues of damages in the wrongful death action and the loss of consortium action were severed; the issues remaining were: Murdock's claim for personal injuries, Conner Homes' claim for property damage, Ratliff's claim for wrongful death, Mrs. Uzoh's claim for loss of consortium, and Cardwell's claim for property damage.

Defendants Ratliff and Moss and Cardwell moved for directed verdicts at the close of Conner Homes' and Murdock's evidence. The motions were denied. Just before Ratliff's last witness testified, Ratliff introduced Murdock's complaint into evidence. The complaint alleged that Uzoh had been negligent by stopping on the highway, and his negligence was the proximate cause of the accident. At the close of Ratliff's evidence, Moss and Cardwell moved for a directed verdict. Their motion was denied. Cardwell asked for a voluntary dismissal on his counterclaim for property damage to his truck. Ratliff, Murdock and Conner Homes renewed their directed verdict motions, which were denied.

The parties stipulated that the following three issues would be submitted to the jury:

1. Were the plaintiffs, Conner Homes Corporation and Claude Tolson Murdock, damaged or injured as a result of the negligence of Patrick Enyi Uzoh, as alleged in their complaints?

2. Were the plaintiffs, Conner Homes Corporation and Claude Tolson Murdock, damaged or injured by the negligence of the defendant, Michael Lane Moss, as alleged in their complaints?

3. What amount of damages, if any, is the plaintiff Claude Tolson Murdock, entitled to recover?

While the jury was deliberating, Murdock, Conner Homes, Moss, and Cardwell renewed their motions for directed verdicts. The trial judge did not rule on these motions until the jury returned to the courtroom and the foreman announced they had not reached a verdict. Then the judge granted Moss', Cardwell's, and Murdock's motions for directed verdicts against Ratliff, and dismissed the wrongful death case. Judgment was entered in favor of Conner Homes in the amount of $24,231.00, the stipulated amount of property damage. Murdock's damages for his personal injury as against Ratliff were left to be determined at a subsequent trial. A mistrial was declared on issues two and three.

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog, by Paul L. Cranfill; Young, Moore, Henderson and Alvis, by Edward B. Clark and Joseph C. Moore, III; Jones and Wooten, by Lamar Jones, for plaintiff appellees, Claude Tolson Murdock and Conner Homes Corporation.*

*Haywood, Denny and Miller, by James Aldean Webster III, and George W. Miller, Jr., for defendant appellees, Michael Lane Moss and Ernest Ray Cardwell.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by James G. Billings, for defendant appellant, Ernest E. Ratliff.*

VAUGHN, Chief Judge.

[1]  All four of appellant's assignments of error are that the trial court erred in directing verdict for Murdock, Conner Homes, Moss, and Cardwell. His first argument is that a procedural error was committed in allowing Murdock's and Conner Homes' motion

because it was not timely since it was not made immediately after the close of defendant's evidence, but was made after the charge to the jury. Neither at trial nor on appeal has appellant suggested there might be other evidence he could have offered if he had known the motion was going to be made. Indeed, it seems clear from the record that as a matter of convenience the parties had agreed to put all their formal motions and stipulations in the record after the jury had retired. Appellant's argument is without merit.

Appellant also argues that it was procedurally incorrect for the trial judge to withold his ruling on the directed verdict until after the jury announced that it was unable to reach a verdict. To support his argument, appellant relies on *Hamel v. Young Spring & Wire Corp.*, 12 N.C. App. 199, 182 S.E. 2d 839, *cert. denied*, 279 N.C. 511, 183 S.E. 2d 687 (1971). In *Hamel,* the trial judge did not rule on the motions for directed verdict until after the jury returned a verdict. This Court said:

> We do not approve of this procedure and think it preferable to rule upon a motion for a directed verdict prior to the submission of a case to the jury. After a case has been submitted to a jury, the proper motion to be ruled upon at that time is a motion for judgment notwithstanding the verdict under Rule 50.

*Hamel v. Young Spring & Wire Corp.*, 12 N.C. App. at 205, 182 S.E. 2d at 843. The Court's statement that it is *preferable* to rule on the motion before submitting the case to the jury is hardly grounds for reversal in the instant case. Moreover, the situation in *Hamel* is distinguishable from this case because in *Hamel* the jury had reached a verdict and a motion for judgment notwithstanding the verdict would have been appropriate, but here there was no verdict from which to request a judgment notwithstanding the verdict.

[2] Appellant's next argument is that even if the motion for directed verdict was timely, it should not have been granted as a matter of law because Murdock and Conner Homes had the burden of proof. We do not agree. A verdict may be directed for the party with the burden of proof when the credibility of the movant's evidence is manifest as a matter of law. *North Carolina National Bank v. Burnette*, 297 N.C. 524, 256 S.E. 2d 388 (1979); *E. F.*

*Hutton v. Stanley,* 61 N.C. App. 331, 300 S.E. 2d 463 (1983); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2535 (1971). In *Burnette,* the Court listed three recurrent situations where credibility is manifest:

(1) Where non-movant establishes proponent's case by admitting the truth of the basic facts upon which the claim of proponent rests. [citations omitted.]

(2) Where the controlling evidence is documentary and non-movant does not deny the authenticity or correctness of the documents. [citations omitted.]

(3) Where there are only latent doubts as to the credibility of oral testimony and the opposing party has "failed to point to specific areas of impeachment and contradiction." [*Kidd v. Early,* 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976).]

*North Carolina National Bank v. Burnette,* 297 N.C. at 537-38, 256 S.E. 2d at 396.

In the instant case, credibility was manifest under the third category set forth in *Burnette.* Latent doubts are "doubts which stem from the fact that plaintiffs are interested parties." *Kidd v. Early,* 289 N.C. at 371, 222 S.E. 2d at 411. Aside from any consequences resulting from appellant's introduction of plaintiff's complaint into evidence, all the evidence at trial, viewed in the light most favorable to appellant, unequivocally shows that Uzoh either suddenly stopped or almost stopped on the highway, his car was hit from behind by Moss' truck, it crossed the center line, and then it collided with Conner Homes' truck. Regardless of whether Uzoh came to a full stop or almost stopped, it is clear that his conduct constituted negligence as a matter of law. Uzoh violated G.S. 20-141(h) which provides, in part: "No person shall operate a motor vehicle on the highway at such a slow speed as to impede the normal and reasonable movemant of traffic except when reduced speed is necessary for safe operation or in compliance with law; . . ." Violation of the standard of care required by G.S. 20-141(h) is negligence *per se. Page v. Tao,* 56 N.C. App. 488, 289 S.E. 2d 910, *affirmed per curiam,* 306 N.C. 739, 295 S.E. 2d 470 (1982). Appellant's evidence, introduced in their case in chief, neither contradicted any evidence of Uzoh's negligence nor materially impeached the appellees, it only tended to show that the

weather was clear, the road in front of Uzoh's path was straight and unobstructed, the speed limit was fifty-five miles per hour, Uzoh's death was due to injuries received in the collision, and there was no evidence of alcohol or other drugs in his blood. On cross-examination, appellants attempted to impeach Moss and Murdock, but the contradictions brought out on cross-examination were trivial. They did not tend to show a lack of credibility, and had no bearing on the issue of Uzoh's negligence. The contradictions concerned the following questions: whether Uzoh came to a full stop, or almost stopped; how far away Moss' truck was before Murdock saw it; how fast Murdock thought Moss was going; whether Uzoh was 100 feet away or 100 yards away before Murdock saw him; whether smoke was coming from Uzoh's tires; and whether Moss saw Uzoh when he was 235, 750, or 1,500 feet away. These contradictions have no bearing on the issue of Uzoh's negligence, and they do not tend to show any contributory negligence by Murdock. There was no evidence which tended to refute the allegations that Uzoh was negligent, and his negligence was the proximate cause of the collision, and, aside from latent doubts, there were no doubts as to the credibility of the witnesses, therefore no reasonable jury could have drawn any contrary inferences. In short, the credibility of the movants' evidence was manifest, and directed verdict in the movants' favor was proper.

[3] Additionally, credibility was manifest under the first category set forth in *Burnette* because appellant established Murdock's and Conner Homes' case by admitting that Uzoh was negligent when he introduced Murdock's complaint into evidence. The following occurred out of the presence of the jury:

> Mr. Billings [counsel for Ratliff]: . . . I would like to introduce in evidence on behalf of Uzoh the Murdock complaint. I don't know the procedure for doing that.

> Mr. Miller [counsel for Moss and Cardwell]: The defendants Moss and Cardwell will object.

> . . .

> Court: I understand, unverified. Any objection? Mr. Cranfill [counsel for Murdock and Conner Homes]: No sir.

Court: No objection. The Murdock complaint will be received into evidence with respect to Claude Tolson Murdock. The objection —

Mr. Miller: . . . I still object.

. . .

Court: Objection is sustained with respect to Moss and Cardwell. The complaint comes in then in terms of Murdock only.

. . .

Mr. Miller: If your Honor please, . . . if I may qualify that objection.

Court: All right, you may.

Mr. Miller: Is to that portion of the complaint as it relates to the two defendants that I represent. That is the purpose of my objection. Other than that, I have no objection.

Court: All right. Then the ruling is that it is sustained with respect to that portion of the complaint.

Murdock's complaint, which is his judicial admission, McCormick on Evidence § 265 (2d ed. 1972), can only be offered as competent evidence as against Murdock, and the trial judge gave an appropriate limiting instruction. As against Murdock, however, it was offered without any limitations. The complaint, after alleging the circumstances of the collision alleges, in paragraph seven:

The aforementioned accident occurred as the direct and proximate result of the negligence of Patrick Enyi Uzoh in that he:

(a) Operated a vehicle upon the highways of the State of North Carolina without maintaining proper control over it.

(b) Operated a vehicle upon the highways of the State of North Carolina without maintaining a proper lookout.

(c) Operated a vehicle upon a highway of the State of North Carolina to the left side of the center line of the highway while meeting a vehicle being operated in the opposite direction.

(d) Brought his vehicle to a sudden and unexpected stop upon a highway of the State of North Carolina at a time when he knew or should have known that this would cause a collision.

(e) Attempted to stop a vehicle upon a highway of the State of North Carolina without first seeing that such movement could be made in safety.

(f) Attempted to stop a vehicle upon a highway of the State of North Carolina at a time when the operation of another vehicle might be affected by such movement, without giving the clear and plainly visible signal required by law.

A party offering into evidence, without limitation, as in the instant case, a portion of his opponent's pleading, is bound thereby. *Smith v. Goldsboro Iron & Metal Co.*, 257 N.C. 143, 125 S.E. 2d 377 (1962); *Smith v. Burleson*, 9 N.C. App. 611, 177 S.E. 2d 451 (1970). *Smith v. Burleson* also involved a car accident. The defendants were two brothers, Rabon and Tony Burleson. Tony died in the accident. At trial, plaintiff's witness, who had been a passenger in Tony's car, testified about the events that led up to the accident. She said that Rabon and Tony were driving west on Highway 64-70 at a speed between eighty and one hundred miles per hour. Tony pulled into the left lane to pass Rabon. Tony and Rabon overtook plaintiff's car, which was driving at fifty-five miles per hour in a westerly direction. Rabon pulled out into the left lane in front of Tony to avoid hitting plaintiff. When Rabon did this, Tony hit his brakes to avoid hitting Rabon, and skidded. The witness did not remember anything else about the accident. Defendants, however, offered evidence which filled in all the missing pieces of plaintiff's case. Rabon admitted he pled guilty to reckless driving in connection with the accident. He also introduced a portion of plaintiff's complaint which alleged that Rabon had been driving very fast, he collided with Tony's car causing Tony to lose control of his car and hit plaintiff's car, which caused it to drive off the road, into an embankment. The Court held that Rabon's evidence, including the portion of plaintiff's complaint which he introduced, established that he was negligent, Rabon was bound by the portion of plaintiff's pleading which he introduced without limitation, and, as there was no factual issue of negligence remaining, a directed verdict for plaintiff was proper.

In this case, appellant offered no evidence which materially contradicted the allegations of negligence in paragraph seven of Murdock's complaint. Murdock testified that Uzoh's vehicle came to a complete stop. Although Moss said both that Uzoh had completely stopped, and that he was not sure if Uzoh had completely stopped, this is only a slight variation in the evidence. Since Murdock's evidence as to Uzoh's negligence was not contradicted by appellant, and appellant admitted the truth of Murdock's allegations by introducing his complaint, the credibility of Murdock's evidence was manifest as a matter of law according to the first example set forth in *Burnette,* and Murdock's motion for a directed verdict was properly granted. Similarly, as it was undisputed that Murdock was driving Conner Homes' truck, and the parties stipulated the amount of damages sustained by Conner Homes was $24,231.00, the trial court properly granted Conner Homes' motion for a directed verdict.

Appellant's next argument is that the trial court erred in granting defendants Moss' and Cardwell's motions for directed verdict. A defendant's motion for directed verdict may be granted only if, as a matter of law, the evidence, when viewed in the light most favorable to plaintiff, is insufficient to justify a verdict for plaintiff. *Kelly v. International Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). As we mentioned above, although Murdock's complaint was Murdock's judicial admission, appellant, when he offered it into evidence, became bound by the allegations in the complaint which were not contradicted by other evidence at the trial. Appellant, therefore, has admitted that Uzoh negligently stopped or attempted to stop his car on the highway. Since appellant has admitted his negligence was the proximate cause of the accident, he was contributorily negligent as a matter of law. In order for contributory negligence to apply plaintiff need not be actually aware of the unreasonable danger he has exposed himself to by his conduct, he may be contributorily negligent if he has ignored unreasonable risks which would have been apparent to a prudent person exercising ordinary care. *Smith v. Fiber Controls Corp.,* 300 N.C. 669, 268 S.E. 2d 504 (1980). The negligence of plaintiff need not be the sole proximate cause of his injury, his contributory negligence bars his recovery if the negligence is one of the proximate causes of the injury. *Wallsee v. Carolina Water Co.,* 265 N.C. 291, 144 S.E. 2d 21 (1965); *U.S. Industries, Inc. v.*

*Tharpe,* 47 N.C. App. 754, 268 S.E. 2d 824, *review denied,* 301 N.C. 90, 273 S.E. 2d 311 (1980). On appeal, appellant does not argue that the doctrine of last clear chance applies to this case, so we have not addressed that issue. Since the evidence, even when viewed in the light most favorable to appellant, establishes contributory negligence as a matter of law, the trial court did not err in granting Moss' and Cardwell's motion for directed verdict.

For the reasons stated, the trial court's granting of appellee's motions for directed verdict is affirmed.

Affirmed.

Judge HILL concurs.

Judge BECTON dissents and files written opinion.

Judge BECTON dissenting.

Although Patrick Uzoh was instantly killed when the Plymouth he was driving was struck in the rear by an eighteen-wheel Mack truck, was lifted off the pavement, and was propelled into the path of a Ford truck which was towing a mobile home, Patrick Uzoh's administrator found himself in the awkward position of defending property damage claims by the owners of the trucks (Conner Homes and Ernest Cardwell) and a personal injury claim by the driver of one of the trucks (Murdock). If the best defense is a good offense, then Patrick Uzoh's administrator had not only the "laboring oar" but the tide, as well, against him.[1] Even though the administrator had to forge upstream, the trial judge erred, in my view, by taking from the trier of fact classic jury issues — negligence, contributory negligence, intervening negligence, and last clear chance — and by, apparently, concluding that the Murdock complaint had been offered into evidence without limitation. I, therefore, dissent.

---

1. Not only was the administrator's claim for wrongful death and Patrick Uzoh's widow's claim for consortium consolidated with the cases of the other parties, but also (a) the issues of damages in the wrongful death case and the loss of consortium claim were severed for trial purposes, and (b) no issue involving wrongful death was submitted to the jury as counsel for the parties stipulated that a first issue relating to Patrick Uzoh's negligence and a second issue relating to the negligence of the driver of the 1974 Mack truck would resolve the administrator's wrongful death suit.

I

It is not without significance that the jury, after deliberating two full days, was divided 7 to 5 on the first issue and 9 to 3 on the second issue, and even later advised the court that it was hopelessly deadlocked. The following excerpt from Uzoh's Administrator's Brief points out why, in my view, all issues of negligence and last clear chance should have been submitted to the jury:

> The evidence, taken in the light most favorable to Ratliff, Administrator, would indicate that Moss was proceeding at a speed of approximately 55 miles per hour when he rounded a moderate curve to his right. At that point, he, by all the evidence, had a clear and unobstructed view of the roadway in front of him up to the point of impact, which was approximately 1500 feet. By his own testimony, Moss admitted that when he rounded the curve, he saw the Conner Homes vehicle and shortly thereafter observed the Uzoh vehicle. (Of course, he later gave a recorded statement in which he indicated he was only 750 feet from the Uzoh vehicle when he first observed it, and even later gave sworn deposition testimony that he was a mere 235 feet from the Uzoh vehicle when he first observed it.) At trial, Moss admitted that he saw the various warning devices contained on the Wide Load which Murdock was towing, and further conceded that these various warning devices indicated to him that he should exercise caution and slow down. . . . Thus, the evidence taken in the light most favorable to Ratliff, Administrator, would support the inference that Moss rounded the curve at approximately 55 miles per hour, saw the Murdock vehicle, saw the Uzoh vehicle, yet never slowed down and was still traveling at approximately 55 to 60 miles per hour when he suddenly applied his brakes. The physical evidence . . . supports the inference of excessive speed by Moss, and Moss' failure to keep a proper lookout and maintain proper control over the logging truck he was operating. The uncontroverted testimony of Officer Marks indicated that the logging truck left 199 feet of skid marks prior to impact with the Uzoh vehicle. According to the testimony of Murdock, even after skidding a total of 199 feet, the Moss logging truck still struck the Uzoh vehicle with such force that the front of the Uzoh vehicle was

lifted off the pavement. Then, the Moss truck still had enough speed and momentum left to travel for an additional 66 feet, before finally coming to rest. Based upon the foregoing, clearly there was sufficient evidence of negligence on behalf of Moss for jury consideration.

## II

As I read the record, the allegations in Murdock's complaint were not offered for unlimited substantive purposes. In no way can the allegations in Murdock's complaint be binding as to Moss and Cardwell. But even as to Murdock directly and Conner Homes indirectly, the trial court's decision that the complaint was admissible as evidence must be viewed in context.

Counsel for the administrator, after having been stymied when the trial court sustained an objection to a question asked on re-cross examination sought, when he was next presenting evidence, to show that Murdock's complaint contained statements inconsistent with the position Murdock had earlier asserted while on the stand. Indeed, before any matter in the complaint was submitted to the jury, counsel for all parties, with the court's indulgence, refined their positions and, in some instances, changed their minds. Even the lawyer whose intuitive faculties allows him or her to reach decisions instantaneously sometimes changes his or her mind upon further reflection. Courts do, too. For example, the trial court in this case, after thrice rejecting the motions for directed verdict on behalf of Murdock, Conner Homes, Moss and Cardwell, changed its mind after the jury failed to reach a verdict and directed a verdict for those parties.

Specifically, after Murdock had testified that in his opinion the "accident was caused by the automobile [driven by Uzoh] coming to a sudden stop in the traffic lane in front of the log truck," counsel for the administrator asked the following question on re-cross examination: "Well, if that is your opinion of the cause of the wreck, why did you sue Mr. Moss?" When the trial court sustained an objection to that question, counsel for the administrator could do no more since he was not then presenting evidence. Later, when counsel for the administrator was presenting evidence, he sought to complete the impeachment by using Murdock's complaint. The following transpired out of the presence of the jury:

Mr. Billings: Let me ask that I be allowed to have marks—I don't know whether I should mark it or not, but I would like to introduce in evidence on behalf of Uzoh the Murdock complaint. I don't know the procedure for doing that.

Mr. Miller: The defendants Moss and Cardwell will object.

Court: Let me see it. I have the tender. I have the objection.

Mr. Miller: That is the only part that we are concerned with.

Court: I understand, unverified. Any objection.

Mr. Cranfill: No sir.

Court: No objection. The Murdock complaint will be received in evidence with respect to Claude Tolson Murdock. The objection—

Mr. Miller: Let me think a minute. Just a moment, your Honor. I still object.

Court: Still object to it?

Mr. Miller: Yes sir.

Court: Objection is sustained with respect to Moss and Cardwell. The complaint comes in then in terms of Murdock only.

Mr. Billings: Your Honor, my witness has just walked in.

Court: Fine.

Mr. Miller: If your Honor please, may I on the last offer of evidence, my objection to that, if I may qualify that objection.

Court: Alright, you may.

Mr. Miller: [A]s to that portion of the complaint as it relates to the defendants that I represent. That is the purpose of my objection. Other than that, I have no objection.

Court: Alright. Then the ruling is that it is sustained with respect to that portion of the complaint.

Mr. Miller: Yes, sir. I will not itemize each paragraph but the record will indicate those portions directed to these two defendants.

Court: Alright, Mr. Billings, examine the witness.

Mr. Billings: In response to that, *may I simply identify those portions of the complaint had I been allowed to do so that I would have read to the jury so we will have a clear record?* (Emphasis added.)

Court: Indeed.

Mr. Billings: Your Honor, those portions of the Uzoh Exhibit 36 that had I been permitted to do so, I would have read to the jury, *are contained on page 3 beginning at line 8, on paragraph 8, including paragraph 9 and 10.* (Emphasis added.)

Court: Alright, sir.

Mr. Billings: Thank you. *Of course, the purpose that I wanted to read them was in response to Mr. Murdock's statement brought out by Mr. Miller that he didn't consider—that he considered the cause of the accident to be the Uzoh vehicle stopping in the roadway in front of him and I had intended to ask him about these allegations of Mr. Moss.* (Emphasis added.)

Mr. Miller: The three that you are tendering would be as to Mr. Moss and Cardwell, are 8, 9 and 10, is that right?

Court: That is correct.

Mr. Miller: Alright, sir.

The colloquy above shows vividly how the parties and the court defined and redefined their positions. For example, Mr. Miller, representing Moss and Cardwell, was allowed to object, reflect on his objection, object twice again before the Murdock complaint was deemed admissible, and then qualify the objection after the court stated: "Objection is sustained with respect to Moss and Cardwell. The complaint comes in then in terms of Murdock only." Moss and Cardwell should not be heard to complain that Uzoh's administrator did not timely qualify his tender of the Murdock complaint. Ultimately, then, in my view, only certain portions of the Murdock complaint were actually received into evidence, and no portion of the complaint was admitted for substantive purposes.

Even if the Murdock complaint was offered without limitation, the allegations concerning the negligence of Uzoh would still not be binding on the Administrator, because the allegations of Uzoh's negligence as contained in the complaint were contradicted by the evidence. The majority points out some of the contradictions, ante, p. 6.1, but then concludes that "these contradictions are trivial." *Id.* I disagree. These contradictions all related to the issues of negligence, contributory negligence, intervening negligence, and last clear chance. I therefore find *Smith v. Metal Co.*, 257 N.C. 143, 125 S.E. 2d 377 (1962) and *Smith v. Burleson,* 9 N.C. App. 611, 177 S.E. 2d 451 (1970), both of which were cited by the majority, supportive of the position I now take, since in those cases the adversaries' extrajudicial declaration was completely uncontradicted by any other evidence.

For the reasons stated, the trial court's order granting the appellee's motions for directed verdict should be reversed.