CLAUDE TOLSON MURDOCK v. ERNEST E. RATLIFF, ADMINISTRATOR OF THE ESTATE OF PATRICK ENYI UZOH, DECEASED, MICHAEL LANE MOSS AND ERNEST RAY CARDWELL

CONNER HOMES CORPORATION v. ERNEST E. RATLIFF, ADMINISTRATOR OF THE ESTATE OF PATRICK ENYI UZOH, DECEASED, MICHAEL LANE MOSS AND ERNEST RAY CARDWELL

ERNEST E. RATLIFF, ADMINISTRATOR OF THE ESTATE OF PATRICK ENYI UZOH, DECEASED, AND CECILIA UZOH, WIDOW OF DECEASED, PATRICK ENYI UZOH v. MICHAEL LANE MOSS AND ERNEST RAY CARDWELL

No. 401A83

(Filed 30 April 1984)

1. **Rules of Civil Procedure § 50.2— directed verdict for party with burden of proof**

    A directed verdict may be granted in favor of the party with the burden of proof when the credibility of the movant's evidence is manifest as a matter of law.

2. **Automobiles and Other Vehicles § 56.2— negligence in stopping on highway or driving too slowly—error in directing verdict against defendant**

    In an action to recover for personal injuries and property damages received when plaintiffs' truck and a mobile home being towed by the truck were struck by an automobile operated by defendant's intestate after it had been struck in the rear by a Mack truck, plaintiffs' evidence did not establish as a matter of law that defendant's intestate was negligent in violating G.S.

20-141(h), which prohibits the operation of a motor vehicle on the highway at such a slow speed as to impede normal movement of traffic "except when reduced speed is necessary for safe operation or in compliance with law," where it tended to show that the intestate either stopped or slowed down in the highway before being struck from the rear; each lane of the highway was 12 feet wide, and the towed mobile home was 14 feet wide; and various safety and warning devices had been placed on the truck and mobile home, including flashing lights, extension side-view mirrors, a "Wide Load" sign, and red flags.

**3. Rules of Civil Procedure § 50.2— directed verdict for party with burden of proof—evidence not manifestly credible**

In an action to recover for personal injuries and property damages received when plaintiffs' truck and a mobile home being towed by the truck were struck by an automobile operated by defendant's intestate after it had been struck in the rear by a Mack truck, plaintiffs' evidence was not manifestly credible so as to permit the entry of directed verdicts against defendant where there were significant contradictions in the evidence at trial, and where the evidence supported possible inferences (1) that the negligence of defendant's intestate was the sole proximate cause of the accident, (2) that the negligence of the driver of the Mack truck was the sole proximate cause of the accident, and (3) that the negligence of both defendant's intestate and the driver of the Mack truck were proximate causes of the accident.

**4. Evidence § 23.1; Pleadings § 37.1— defendant's introduction of plaintiff's pleadings—defendant not bound by allegations of negligence**

Defendant was not bound by allegations in plaintiff's complaint which defendant introduced into evidence that the negligence of defendant's intestate was a proximate cause of the accident in question where the complaint was admitted only for impeachment purposes to show that plaintiff had alleged that negligence by a second defendant was a proximate cause of the accident, and where the allegations in the complaint were contradicted by other evidence at trial.

**5. Automobiles and Other Vehicles § 56.1— negligence in striking slowing or stopping vehicle from rear**

In an action to recover for the wrongful death of plaintiff's intestate when the car he was driving was struck from the rear by defendants' truck after the intestate had stopped or slowed down while meeting a truck towing a mobile home, plaintiff's evidence was sufficient for the jury to find that defendant truck driver was negligent in driving at an excessive speed and in failing to keep a proper lookout and maintain proper control over his vehicle where it tended to show that defendant driver was traveling at a speed of approximately 55 miles per hour when he rounded a moderate curve located approximately 1,500 feet from the scene of the accident; his view was totally unobstructed and he saw the truck towing the mobile home as he rounded the curve; defendant driver also saw the warning signs on the truck pulling the mobile home; defendant driver did not reduce his speed from 55 miles per hour until he was close enough to the intestate's car to observe that it was not moving and until he applied his brakes immediately preceding the accident; defendants' truck left 199 feet of skid marks on the pavement prior to impact with the

intestate's vehicle; defendants' truck struck the intestate's car with such force that the front end was lifted off the pavement and the car was propelled into the path of the oncoming truck; and after impact, defendants' truck still had enough speed and momentum to travel an additional 66 feet before coming to a complete stop.

APPEAL of right by Ernest E. Ratliff, Administrator of the Estate of Patrick Enyi Uzoh, Deceased, pursuant to G.S. 7A-30(2), from a decision of a divided panel of the Court of Appeals, 63 N.C. App. 306, 305 S.E. 2d 48 (1983), which affirmed the trial court's order granting the appellees' motions for a directed verdict. Judgment was entered on 3 September 1981 by the *Honorable Edwin S. Preston, Jr., Judge Presiding*, at the 24 August 1981 Civil Session of Superior Court, WAKE County. Heard in the Supreme Court 9 November 1983.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Paul L. Cranfill; Young, Moore, Henderson & Alvis, P.A., by Edward B. Clark; Jones & Wooten, by Lamar Jones, for plaintiff-appellees, Claude Tolson Murdock and Conner Homes Corporation.*

*Haywood, Denny & Miller, by J. A. Webster, III, and George W. Miller, Jr., for defendant-appellees, Michael Lane Moss and Ernest Ray Cardwell.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James G. Billings, for appellants, Ernest E. Ratliff, Administrator of the Estate of Patrick Enyi Uzoh, Deceased, and Cecilia Uzoh, Widow of Deceased, Patrick Enyi Uzoh.*

FRYE, Justice.

This case involves three separate lawsuits which were consolidated for purposes of trial and which arose out of a traffic accident involving three vehicles. The primary issue presented for review by this Court is whether the trial court erred in granting directed verdicts in favor of the plaintiff-appellees Claude Tolson Murdock and Conner Homes Corporation, and defendant-appellees Michael Lane Moss and Ernest Ray Cardwell. The majority of the panel of the Court of Appeals held that the trial court properly granted directed verdicts in favor of the appellees. For the

reasons stated herein, we reverse the decision of the Court of Appeals and remand for a new trial.

## I.

All of the claims in this lawsuit arose out of an automobile accident, involving three vehicles, which occurred on 17 August 1979. The automobile accident occurred on Highway 64 in Nash County. At the point where the accident occurred, Highway 64 was a two-lane highway with each lane being approximately twelve feet wide.

On 17 August 1979, Claude Tolson Murdock was driving in an easterly direction on Highway 64. Murdock was driving a 1977 two-ton Ford truck towing a fourteen-foot wide mobile home. The truck and the mobile home were owned by Conner Homes Corporation.

Patrick Enyi Uzoh, the decedent, was traveling in a westerly direction on Highway 64, approaching Murdock, in a 1979 Plymouth automobile which was owned by the North Carolina Department of Administration. Uzoh was traveling alone. Michael Lane Moss was also traveling in a westerly direction on Highway 64, some distance to the rear of the Plymouth driven by Uzoh. Moss was driving a 1974 Mack eighteen-wheeler truck which was owned by Ernest Ray Cardwell.

The evidence at trial tended to show that as the Plymouth driven by Uzoh approached the Conner Homes' truck, Uzoh stopped or reduced his speed. Whether the Uzoh vehicle stopped or reduced its speed is a much disputed fact in this case. The evidence further shows that the Mack truck, driven by Moss, struck the Uzoh vehicle in the right rear portion of the car. As a result of the collision, the front end of the Uzoh vehicle was lifted off the ground. Then the Uzoh vehicle crossed the center line of the highway and entered the eastbound lane where it was struck by the Conner Homes' truck.

As a result of the collision, Murdock suffered various personal injuries. The Conner Homes' truck and mobile home were damaged extensively. Uzoh was killed. The Plymouth driven by Uzoh was severely damaged, as was the Mack truck driven by Moss and owned by Cardwell.

The following lawsuits were initiated as a result of the accident:

On 23 February 1980, Murdock instituted a civil suit in the Superior Court, Carteret County, against Ernest E. Ratliff, Administrator of the Estate of Patrick Enyi Uzoh, Deceased [hereinafter referred to as Ratliff], Moss and Cardwell, alleging that their joint and concurring negligence caused the personal injuries which he [Murdock] sustained in the accident. Ratliff denied any negligence on the part of Uzoh, the decedent, and asserted cross-claims against defendants Moss and Cardwell for contribution. Moss and Cardwell also denied any negligence on their part and asserted cross-claims against Ratliff for contribution. Additionally, Cardwell asserted a cross-claim against Ratliff for the damage done to his Mack truck. This case was subsequently transferred to the Superior Court, Wake County.

On 25 February 1980, Conner Homes Corporation instituted a civil suit in Superior Court, Carteret County, against defendants, Ernest E. Ratliff, Administrator of the Estate of Patrick Enyi Uzoh, Deceased [hereinafter referred to as Ratliff], Moss and Cardwell, alleging that their negligent acts proximately caused the accident. Ratliff answered the complaint and denied any negligence. Ratliff also filed a cross-claim against Moss and Cardwell for contribution in the event that Conner Homes Corporation recovered a verdict against him. Also, in answer to the complaint filed by Conner Homes Corporation, Moss and Cardwell denied any negligence on their part, and Cardwell asserted a cross-claim against Ratliff for property damage to his Mack truck. This case was also transferred to the Superior Court, Wake County.

On 31 July 1980, Ernest E. Ratliff, Administrator of the Estate of Patrick Enyi Uzoh, Deceased [hereinafter referred to as Ratliff], and Cecilia Uzoh, the widow of Patrick Uzoh, instituted a civil suit in the Superior Court, Wake County, against Moss and Cardwell, seeking to recover for the wrongful death of Uzoh and for loss of consortium. Moss and Cardwell denied any negligence on their part and asserted a counterclaim for property damage to the Mack truck. Ratliff and Cecilia Uzoh filed a reply asserting the defense of last clear chance.

Pursuant to the motions of counsel, all three cases were consolidated for trial. Also, the issues of damages in the wrongful

death case and the claim for loss of consortium were severed for trial. Therefore, five claims were to be determined at trial. These claims were: (1) Murdock's claim for personal injuries; (2) Conner Homes Corporation's claim for property damage; (3) Ratliff's claim for wrongful death; (4) Cecilia Uzoh's claim for loss of consortium; and, (5) Cardwell's claim for property damage.

At the close of the evidence presented by Conner Homes Corporation and Murdock, motions for directed verdict by Ratliff, Moss and Cardwell were denied. Subsequently, while Ratliff was presenting his evidence, he attempted and was allowed to introduce into evidence the complaint filed by Murdock. The Murdock complaint was initially allowed into evidence only against Murdock. Counsel for Moss and Cardwell first objected to the introduction of the Murdock complaint but subsequently objected only to those portions of the complaint relating to his clients. The objections were sustained. The Murdock complaint contained numerous allegations that Uzoh's negligence in stopping the car in the highway was a proximate cause of the accident. The complaint also alleged that the negligence of Moss was a proximate cause of the accident. At the close of Ratliff's evidence, Moss and Cardwell moved for a directed verdict. Their motion was denied.

Then, Cardwell took a voluntary dismissal on his claim for property damage to his Mack truck. Thereafter, at the close of all the evidence, Ratliff, Moss and Cardwell renewed their respective motions for directed verdicts. These motions were denied.

Pursuant to a stipulation entered into between counsel for the respective parties and in order to simplify the cases for the jury, the issues submitted to the jury were limited to the following:

1. Were the plaintiffs, Connor [sic] Homes Corporation and Claude Tolson Murdock, damaged or injured as a result of the negligence of Patrick Enyi Uzoh, as alleged in their complaints?

2. Were the plaintiffs, Connor [sic] Homes Corporation and Claude Tolson Murdock, damaged or injured by the negligence of the defendant, Michael Lane Moss, as alleged in their complaint[s]?

3. What amount of damages, if any, is the plaintiff, Claude Tolson Murdock, entitled to recover?

The parties also stipulated that the jury's verdict concerning Issues 1 and 2 would resolve the wrongful death suit brought by Ratliff.

The jury received its charge and began deliberating in the late afternoon hours of 27 August 1981. A motion for a directed verdict against Ratliff was made by Murdock and Conner Homes Corporation while the jury was deliberating. The transcript does not show that the trial judge made a ruling on the motion at that time, if at all.

The jury continued its deliberations on 28 and 29 August 1981. On 29 August 1981, the foreman of the jury reported to the trial judge that the jury was not making progress towards reaching a verdict and that they had not answered any of the questions. Later that day, the foreman reported that the jury had not reached a unanimous decision on any issue. The foreman indicated that the jury was divided 7 to 5 on the first issue and 9 to 3 on the second issue. After reconvening jury deliberations, the foreman subsequently reported to the trial judge that the jury was divided 8 to 4 on the first issue and 5 to 7 on the second issue.

Subsequently, Moss and Cardwell moved for a directed verdict against Ratliff, as did Murdock and Conner Homes Corporation. After another report from the jury indicated that they had not been able to reach a verdict, the judge stated that he would rule on the motions after the jury returned to the courtroom. Upon the jury's return to the courtroom, the foreman announced that the jury did not believe that it could reach a decision in the case.

After hearing the jury's decision, the trial judge allowed the motion for directed verdict by Moss and Cardwell "as against Uzoh." The trial judge also allowed the motion for directed verdict by Murdock and Conner Homes Corporation "against Uzoh." The trial judge then withdrew one of the jurors and declared a mistrial on Issues 2 and 3. Thereafter, judgment was entered in favor of Conner Homes Corporation in the amount of $24,231.00, the stipulated amount of property damage. The amount of dam-

ages to be recovered by Murdock, from Ratliff, for his personal injuries was left to be determined at a subsequent trial. Lastly, the wrongful death claim asserted by Ratliff was dismissed.[1]

## II.

Defendant-Ratliff assigns as error the Court of Appeals' affirmance of the trial court's granting of motions for directed verdict, pursuant to N.C. Gen. Stat. § 1A-1, Rule 50(a), in favor of plaintiffs Claude Tolson Murdock and Conner Homes Corporation, at the close of all the evidence. We find this assignment of error to be meritorious and therefore we reverse the decision of the Court of Appeals.

[1]   At the outset, we note that Murdock and Conner Homes Corporation, as plaintiffs, had the burden of proof in each of their lawsuits for the recovery of damages for personal injuries and property damage respectively. This Court has previously stated that a directed verdict may be granted in favor of the party with the burden of proof when the credibility of the movant's evidence is manifest as a matter of law. *Bank v. Burnette*, 297 N.C. 524, 256 S.E. 2d 388 (1979). However, in order to justify granting a motion for a directed verdict in favor of the party with the burden of proof, the evidence must so clearly establish the fact in issue that no reasonable inferences to the contrary can be drawn. *Id.* at 536, 256 S.E. 2d at 395. In *Burnette*, this Court listed the following as being situations where the credibility of a movant's evidence is manifest as a matter of law:

(1) Where non-movant establishes proponent's case by admitting the truth of the basic facts upon which the claim of proponent rests. [Citations omitted.]

(2) Where the controlling evidence is documentary and non-movant does not deny the authenticity or correctness of the documents. [Citations omitted.]

---

1. We note that no judgment was entered as to the disposition of the loss of consortium claim of Cecilia Uzoh. Additionally, no judgment was entered as to the cross-claims for contribution that had been asserted by Ratliff against Moss and Cardwell, and by Moss and Cardwell against Ratliff. However, in light of the decision which we have reached in this case, we find it unnecessary to address appellant-Ratliff's and Cecilia Uzoh's arguments concerning the failure of the trial court to rule on the aforementioned claims.

(3) Where there are only latent doubts as to the credibility of oral testimony and the opposing party has "failed to point to specific areas of impeachment and contradiction." [Citations omitted.]

*Id.* at 537-38, 256 S.E. 2d at 396.

This Court continued as follows:

[W]hile credibility is generally for the jury, courts set the outer limits of it by preliminarily determining whether the jury is at liberty to disbelieve the evidence presented by movant. [Citations omitted.] *Needless to say, the instances where credibility is manifest will be rare, and courts should exercise restraint in removing the issue of credibility from the jury.* [Citation omitted.] [Emphasis added.]

*Id.* at 538, 256 S.E. 2d at 396.

The Court of Appeals held that the credibility of the evidence presented by Murdock and Conner Homes Corporation was manifest as a matter of law based on category numbers one and three in *Burnette.* In first holding that the movant's evidence was manifest as a matter of law under the third category, the Court of Appeals stated that viewing the evidence in the light most favorable to appellant, the evidence "unequivocally shows that Uzoh either suddenly stopped or almost stopped on the highway." *Murdock v. Ratliff,* 63 N.C. App. 306, 311, 305 S.E. 2d 48, 52 (1983). The court continued as follows:

Regardless of whether Uzoh came to a full stop or almost stopped, it is clear that his conduct constituted negligence as a matter of law. Uzoh violated G.S. 20-141(h) which provides, in part: "No person shall operate a motor vehicle on the highway at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law; . . ." Violation of the standard of care required by G.S. 20-141(h) is negligence *per se.* [Citation omitted.]

*Id.* at 311, 305 S.E. 2d at 52. The Court of Appeals also stated that there was no evidence to refute the allegations that Uzoh was negligent and aside from latent doubts, there were no doubts

as to the credibility of the witnesses, therefore, no reasonable jury could have drawn any contrary inferences.

We disagree with the conclusion reached by the majority of the panel of the Court of Appeals. First, we note that G.S. 20-141(h) provides that, "[n]o person shall operate a motor vehicle on the highway at such a slow speed as to impede the normal and reasonable movement of traffic *except when reduced speed is necessary for safe operation or in compliance with law. . . ."* [Emphasis added.] Under the facts of this case, it does not appear that Uzoh violated G.S. 20-141(h) as a matter of law.

The evidence presented through the testimony of Murdock and Moss tended to show that Uzoh either stopped or slowed down in the highway. Both witnesses testified, at one time or another, that the Uzoh vehicle had stopped in the highway. However, both witnesses also admitted that they were not sure whether the Uzoh vehicle ever came to a complete stop. Moss admitted that even up to the point of impact he was not sure whether the Uzoh vehicle was moving or had stopped. Murdock testified that, immediately preceding the accident, the front end of the Uzoh vehicle went down and smoke was coming from the tires of the car. However, the Highway Patrolman who investigated the accident testified that he did not find any skid marks on the highway which should have been apparent had the Uzoh vehicle skidded.

Other evidence at trial tended to show that, at the point where the accident occurred, Highway 64 was twenty-four feet in width, with each lane being approximately twelve feet wide. The mobile home, which Murdock was towing, was fourteen feet in width, and in order to keep the mobile home from crossing the center line, Murdock had to drive very close to the right side of the road. The truck which was towing the mobile home had a flashing amber light on top of the cab, and a "Wide Load" sign had been placed on the front bumper of the truck. The truck also had side-view mirrors which extended three feet beyond the cab of the truck, thus enabling Murdock to see behind him and along the side of the mobile home. A red flag had been placed on each corner of the mobile home and in the middle of the mobile home. Murdock testified that these safety devices were placed on the truck and mobile home in order to warn other traveling motorists

of the over-sized load and in order to put motorists on notice to proceed with caution and care.

[2] Viewing the above evidence in the light most favorable to Ratliff, the non-movant, and resolving all discrepancies in the evidence in his favor, *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973), we hold that the evidence presented by Murdock and Conner Homes Corporation was not manifestly credible and did not establish as a matter of law that Uzoh was negligent or that his actions violated G.S. 20-141(h). Taking into consideration the width of each lane of Highway 64, which was twelve feet, the width of the mobile home which Murdock was towing, which was fourteen feet, and all of the safety and warning devices which had been placed on the truck and the mobile home, i.e., flashing lights, red flags, extension side-view mirrors, it appears very likely that Uzoh's reduction in speed was necessary for the safe operation of his vehicle. In fact, Uzoh may well have been guilty of engaging in negligent conduct had he not reduced his speed as he approached the mobile home. We believe that most careful and prudent drivers would have reduced their speed under the aforementioned circumstances. Therefore, the Court of Appeals erred in holding that Uzoh was negligent as a matter of law based on a violation of G.S. 20-141(h).

[3] We also find that the contradictions in the evidence were significant in this case, contrary to the Court of Appeals' conclusion that they were "trivial." The contradictions in the evidence, based on the testimony of the witnesses at trial, related to whether Uzoh came to a complete stop or almost stopped; whether smoke was coming from the tires of Uzoh's vehicle; whether Moss saw Uzoh when he was 235, 750 or 1,500 feet in front of him; whether Moss was traveling approximately sixteen miles per hour or substantially faster when his truck hit the Uzoh automobile; and, whether Uzoh was 100 feet or 100 yards away before Murdock first saw Uzoh's automobile approaching. We are convinced that all of these contradictions in the evidence are at the crux of a determination of culpable negligence in the instant case.

In order for Murdock or Conner Homes Corporation to be entitled to directed verdicts in their favor, they must prove, as a matter of law, that Uzoh's negligence was a proximate cause of

the accident. Our review of all the evidence, taking into considera-
tion the contradictions mentioned above, convinces us that the
evidence in the instant case supports at least three possible in-
ferences, one inference being that Uzoh's negligence was the sole
proximate cause of the accident, another inference being that
Moss' negligence was the sole proximate cause of the accident,
and a third inference being that the negligence of both Uzoh and
Moss were proximate causes of the accident. Therefore, the
credibility of the evidence presented by Murdock and Conner
Homes Corporation was not manifest as a matter of law because
more than one inference can be drawn from the evidence. *See
Burnette*, 297 N.C. at 536, 256 S.E. 2d at 395. We also note that,
as stated above, Ratliff has pointed out specific areas of impeach-
ment and contradictions in the evidence presented by both par-
ties. Hence, the Court of Appeals erred in affirming the trial
court's granting of the motion for directed verdict in favor of
Murdock and Conner Homes Corporation, the parties with the
burden of proof, based upon the ground that Ratliff had not
pointed out specific areas of impeachment and contradictions in
the evidence. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392
(1976).

[4]  The second reason stated by the Court of Appeals for holding
that the credibility of the evidence presented by Murdock and
Conner Homes Corporation was manifest as a matter of law was
that under the first category in *Burnette*, "appellant established
Murdock's and Conner Homes' case by admitting that Uzoh was
negligent when he introduced Murdock's complaint into evi-
dence." *Murdock*, 63 N.C. App. at 312, 305 S.E. 2d at 52. The
Court of Appeals held that the allegations of negligence against
Uzoh contained in the Murdock complaint were binding upon
Ratliff because the pleadings were offered into evidence without
limitation and because the pleadings were uncontradicted at trial.
Therefore, the issue for determination by this Court is whether
Ratliff is bound by the allegations of negligence against Uzoh,
which were contained in the Murdock complaint, on the theory
that the complaint was admitted without limitation and without
being contradicted at trial. After a careful review of the trial
transcript, we have concluded that Ratliff was not bound by the
allegations relating to the negligence of Uzoh contained in the
Murdock complaint.

Ratliff, Murdock and Conner Homes Corporation strenuously argue their respective contentions on this issue. Ratliff argues that the Murdock complaint was offered for the limited purpose of impeachment and that the essential allegations contained in the complaint were contradicted at trial. Therefore, Ratliff contends that he is not bound by the allegations in the Murdock complaint that the negligence of Uzoh proximately caused the accident. Murdock and Conner Homes Corporation contend that the Murdock complaint was introduced without limitation and without contradiction of the essential claims and therefore Ratliff is bound by the allegations of negligence against Uzoh contained therein.

The case law of North Carolina clearly provides that a party offering into evidence, without limitation, portions of his opponent's pleading is bound thereby. *Smith v. Metal Co.*, 257 N.C. 143, 125 S.E. 2d 377 (1962); *Meece v. Dickson*, 252 N.C. 300, 113 S.E. 2d 578 (1960), *rev'd on other grounds, Melton v. Crotts*, 257 N.C. 121, 125 S.E. 2d 396 (1962); *Smith v. Burleson*, 9 N.C. App. 611, 177 S.E. 2d 451 (1970). We note that in each of the above cases the allegations in the pleadings, which were introduced into evidence, by the opposing party, were uncontradicted at trial. *Id.* We find that fact to be very important in determining the issue in the instant case.

In applying the above-stated rule to the facts of the instant case, we note that Murdock testified that in his opinion the accident was caused by the Uzoh automobile coming to a sudden stop in the traffic lane in front of the truck driven by Moss. Thereafter, counsel for Ratliff asked Murdock the following question on recross-examination: "Well, if that is your opinion of the cause of the wreck, why did you sue Mr. Moss?" An objection to the question was sustained by the trial court. Subsequently, when Ratliff was presenting evidence, he attempted to impeach the testimony of Murdock by using the Murdock complaint. The following exchange occurred at trial outside the presence of the jury:

MR. BILLINGS [counsel for Ratliff]: Let me ask that I be allowed to have marked—I don't know whether I should mark it or not, but I would like to introduce in evidence on behalf of Uzoh the Murdock complaint. I don't know the procedure for doing that.

MR. MILLER [counsel for Moss and Cardwell]: The defendant Moss and Cardwell will object.

COURT: Let me see it. I have the tender. I have the objection.

MR. MILLER: That is the only part that we are concerned with.

COURT: I understand, unverified. Any objection?

MR. CRANFILL: No, sir.

COURT: No objection. The Murdock complaint will be received into evidence with respect to Claude Tolson Murdock. The objection—

MR. MILLER: Let me think a minute. Just a moment, Your Honor. I still object.

COURT: Still object to it?

MR. MILLER: Yes, sir.

COURT: Objection is sustained with respect to Moss and Cardwell. The complaint comes in then in terms of Murdock only.

MR. BILLINGS: Your Honor, my witness has just walked in.

COURT: Fine.

MR. MILLER: If Your Honor please, may I on the last offer of evidence, my objection to that, if I may qualify that objection.

COURT: All right, you may.

MR. MILLER: Is to that portion of the complaint as it relates to the two defendants that I represent. That is the purpose of my objection. Other than that, I have no objection.

COURT: All right. Then the ruling is that it is sustained with respect to that portion of the complaint.

MR. MILLER: Yes, sir. I will not itemize each paragraph but the record will indicate those portions directed to these two defendants.

COURT: All right, Mr. Billings, examine the witness.

MR. BILLINGS: In response to that, may I simply identify those portions of that complaint had I been allowed to do so that I would have read to the jury so we will have a clear record?

COURT: Indeed.

MR. BILLINGS: Your Honor, those portions of the Uzoh Exhibit 36 that had I been permitted to do so, I would have read to the jury are contained on page 3 beginning at line 8, or paragraph 8, including paragraph nine and ten.

COURT: All right, sir.

MR. BILLINGS: Thank you. Of course, the purpose that I wanted to read them was in response to Mr. Murdock's statement brought out by Mr. Miller that he didn't consider — that he considered the cause of the accident to be the Uzoh vehicle stopping in the roadway in front of him and I had intended to ask him about these allegations of Mr. Moss.

MR. MILLER: The three that you are tendering would be as to Mr. Moss and Cardwell, are eight, nine and ten, is that right?

COURT: That is correct.

MR. MILLER: All right, sir.

Based on the above exchange, we are convinced that the Murdock complaint was offered into evidence for impeachment purposes and not for substantive purposes. After counsel for Moss and Cardwell, Mr. Miller, had qualified his objection to the admissibility of the Murdock complaint as it related to his clients, counsel for Ratliff, Mr. Billings, then qualified his tender of the Murdock complaint, after receiving the trial judge's approval. Mr. Billings explicitly identified those portions of the Murdock complaint that he would have read to the jury as being paragraphs 8, 9 and 10, which alleged that the accident occurred as the direct and proximate result of the negligence of Moss while operating the Mack truck owned by Cardwell. He also stated that he wanted to read the paragraphs in response to Murdock's statement that "he considered the cause of the accident to be the Uzoh

vehicle stopping in the roadway in front of him." We find this evidence to be affirmative proof that the Murdock complaint was not offered by Ratliff without limitation, but instead was offered for the limited purpose of impeachment. Accordingly, the allegations contained therein were not binding against Ratliff.

Ratliff is not bound by the allegations of negligence contained in the Murdock complaint for another reason. Assuming *arguendo* that the Murdock complaint was offered without limitation, Ratliff would still not be bound by the allegations of Uzoh's negligence contained therein since those allegations were contradicted at trial. *See Meece v. Dickson*, 252 N.C. 300, 113 S.E. 2d 578 (1960), *rev'd on other grounds, Melton v. Crotts*, 257 N.C. 121, 125 S.E. 2d 396 (1962); *Sowers v. Marley*, 235 N.C. 607, 70 S.E. 2d 670 (1952); *Smith v. Burleson*, 9 N.C. App. 611, 177 S.E. 2d 451. We find it unnecessary to repeat the aforementioned contradictions in the evidence relating to the alleged negligence of Uzoh. Suffice it to say that the contradictions were not "trivial," and they all related to the numerous issues of negligence involved in this case.

In view of our holding that the Murdock complaint was offered into evidence for impeachment purposes only and since the allegations in the complaint were contradicted by other evidence, Ratliff was not bound by the allegations of Uzoh's negligence contained in the Murdock complaint. Thus, the Court of Appeals erred in holding that the credibility of the evidence, presented by Murdock and Conner Homes, was manifest as a matter of law because Ratliff established the case for Murdock and Conner Homes Corporation through his introduction of the Murdock complaint.

## III.

Plaintiff-Ratliff assigns as error the Court of Appeals' affirmance of the trial court's granting of defendants' (Moss and Cardwell) motion for directed verdict, pursuant to N.C. Gen. Stat. § 1A-1, Rule 50(a). Defendants' motion for a directed verdict under Rule 50(a) raises the question of whether the evidence is sufficient to go to the jury. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). In reviewing such a motion, all the evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved in favor of the non-movant, and the non-movant is entitled to every inference reasonably to be drawn

in his favor. *Summey*, 283 N.C. at 647, 197 S.E. 2d at 554. A defendant's motion for a directed verdict may be granted only if, as a matter of law, the evidence, when viewed in the light most favorable to plaintiff, is insufficient to justify a verdict for plaintiff. *See Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979).

Moss and Cardwell contend that Ratliff was bound by the allegations of Uzoh's negligence contained in the Murdock complaint as a basis for upholding the trial court's and the Court of Appeals' rulings in their favor. For the same reasons stated in our discussion of the Murdock complaint in relation to Murdock and Conner Homes Corporation, we hold that, as to Moss and Cardwell, Ratliff was not bound by the allegations of Uzoh's negligence contained in the Murdock complaint.

[5] Additionally, a careful review of the evidence shows that the evidence was not insufficient, as a matter of law, to justify a verdict in favor of Ratliff. The testimony shows that on 17 August 1979 the sun was shining and it was a pretty, clear day. The evidence tends to show that Moss was traveling at a speed of approximately 55 miles per hour when he rounded a moderate curve located approximately 1,500 feet from the scene of the accident. His view was totally unobstructed and Moss admitted that he saw the Conner Homes' truck and the Uzoh vehicle as he rounded the curve.[2] Moss also admitted that he saw the warning signs on the Conner Homes' truck which to him meant to slow down and proceed with caution. Nevertheless, by his own testimony, Moss did not reduce his speed until he was close enough to the Uzoh automobile to observe that it was not moving. Viewed in the light most favorable to Ratliff, the evidence tends to show that Moss did not decrease his speed from 55 miles per hour until he applied his brakes immediately preceding the accident. The physical evidence shows that the truck driven by Moss left 199 feet of skid marks on the pavement prior to impact with the Uzoh vehicle. Even so, the truck driven by Moss still struck the Uzoh automo-

---

2. Moss initially gave this statement concerning when he first observed the Uzoh vehicle to the Highway Patrolman who investigated the accident. However, he subsequently gave a recorded statement in which he indicated that he was 750 feet away from the Uzoh vehicle when he first observed it. Even later, Moss stated during sworn deposition testimony that he was only 235 feet away from the Uzoh vehicle when he first observed it.

bile with such force that the front end was lifted off the pavement and the car was propelled into the path of the oncoming truck driven by Murdock. After impact, the truck driven by Moss still had enough speed and momentum to travel an additional 66 feet before coming to a complete stop.

Viewing the foregoing evidence in the light most favorable to Ratliff, the evidence was clearly sufficient to justify a verdict in favor of Ratliff based upon the negligence of Moss. Without attempting to decide the ultimate issues in the case, we note that the evidence supports an inference of excessive speed by Moss and his failure to keep a proper lookout and maintain proper control over the truck which he was operating. The evidence also does not indicate that Uzoh was contributorily negligent as a matter of law. Therefore, we hold that Moss' and Cardwell's motion for directed verdict was erroneously granted by the trial court and affirmed by the Court of Appeals.

In summary, we hold that the Court of Appeals erred in affirming the trial court's granting of the motions for directed verdicts in favor of plaintiffs, Claude Tolson Murdock and Conner Homes Corporation, and defendants, Michael Lane Moss and Ernest Ray Cardwell. Therefore, we reverse the decision of the Court of Appeals and remand the case to that court for further remand to the Superior Court, Wake County, for a new trial on all issues.

Reversed and remanded.