BARBARA JEAN FOY v. THOMAS EDWARD BREMSON, GROVER C. BISSETTE AND LESTER GODWIN

No. 767SC330

(Filed 15 September 1976)

1. **Automobiles § 90— definition of negligence — jury instructions proper**

   In an action for damages sustained when plaintiff was struck by an automobile operated by one defendant at night while plaintiff was helping the other defendants try to get a farm truck out of a ditch, the trial court's instruction from which the jury could have only understood that "negligence" had the same meaning whether applied to plaintiff's conduct or to a defendant's conduct was proper.

2. **Automobiles § 72— sudden emergency — plaintiff's negligence as cause — failure to instruct proper**

   In an action to recover damages sustained by plaintiff when she was struck by defendant's automobile, the trial court did not err in failing to instruct the jury on the doctrine of sudden emergency, since if, as the jury found, plaintiff was negligent, it was that very negligence which contributed to the creation of any emergency she thereafter faced.

3. **Automobiles § 90— failure of plaintiff to move to safety — jury instructions proper**

   In an action arising from an automobile accident, the trial judge fairly declared and explained the law arising on the evidence, which he had just recapitulated, tending to show that plaintiff placed herself in a position of peril and failed to remove herself to a place of safety.

4. **Automobiles § 90— jury instructions — use of "per se" — no error**

   The trial court's use of the words "per se" in instructing on contributory negligence did not amount to prejudicial error.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 29 September 1975 in Superior Court, WILSON County. Heard in the Court of Appeals 1 September 1976.

Plaintiff was struck by an automobile operated by defendant Bremson at night while plaintiff was in the highway helping the other defendants try to get a farm truck out of the ditch. The case has been here on another appeal reported in 20 N.C. App. 440, 201 S.E. 2d 708. The Supreme Court granted *certiorari* and its decision is reported as *Foy v. Bremson,* 286 N.C. 108, 209 S.E. 2d 439. A new trial was ordered. When the case was retried the jury found that all parties were negligent. Plaintiff appeals from the determination that she was guilty

of contributory negligence. A general understanding of the evidence at trial may be gained by reading the reports of the case on the earlier appeal.

*Narron, Holdford, Babb & Harrison, by William H. Holdford, for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert M. Clay, for defendant appellee Bremson.*

*Battle, Winslow, Scott & Wiley, P.A., by Robert L. Spencer, for defendant appellees Bissette and Godwin.*

VAUGHN, Judge.

[1]  In assignment of error number five, plaintiff argues that the judge erred when, as he reached the issues of contributory negligence, he told the jury:

"The test of what is negligence as I have already defined it and explained it is the same for the plaintiff as it would have been and was for each of the defendants."

Earlier in the charge, the judge had told the jury that he was going to explain what was meant by "burden of proof," "negligence" and "proximate cause" but that he was not going to repeat the definitions every time they got to one of the other issues. When he gave the quoted instruction to which exception was taken, the jury could have only understood that "negligence" had the same meaning whether applied to plaintiff's conduct or a defendant's conduct. The assignment of error is without merit.

[2]  In her seventh assignment of error plaintiff contends that the judge erred in that he did not instruct the jury on the "doctrine of sudden emergency" as it applied to plaintiff's actions.

A description of the scene of the accident is set out in the opinion of the Supreme Court on the first appeal. In summary, the following situation existed at 11:30 p.m. on a rural section of a public highway: There was a grain truck on each side of the highway. One of the trucks was stuck, and the other was being used in an attempt to get it free. The two trucks were connected by a log chain which extended across the highway. The highway was straight from that point for about one mile north. Defend-

ant Bremson was driving south toward the trucks. Plaintiff was in the highway just south of the two grain trucks that were connected by the log chain extending across the highway. She had been on the scene for about an hour helping in an attempt to free the truck that was stuck. Shortly before the collision, she had been holding a flashlight for one of the men while he connected the chain to one of the trucks. She had started to walk south on her right hand side of the highway when she heard some of the others yell, "He's not going to stop." She turned around and faced north. At almost the same time the grain trucks and connecting log chain were being struck by the Bremson car. The Bremson car then struck her.

If, as the jury found, plaintiff was negligent, it was that very negligence which contributed to the creation of any emergency she thereafter faced. The evidence tending to show negligence on plaintiff's part relates to her indifference to the perils existing before the Bremson car came through the barricade, and thus the "doctrine of sudden emergency" does not apply to her subsequent conduct. Reasonable conduct under the circumstances existing as the Bremson car came through the barricade could not insulate her from her earlier neglect.

We next consider plaintiff's sixth assignment of error. Rule 10(c) of the Rules of Appellate Procedure requires that each assignment of error state plainly the basis upon which error is assigned. The basis of the sixth assignment of error is stated in the record as follows:

> "The Court's instructions to the jury that Plaintiff was negligent if she placed herself in a position of peril when she could have found safety or failed to remove herself to a position of safety from a place where she was in danger. The Court not only misstated the law, it failed to apply the law to the evidence as required by Rule 51 of the N. C. Rules of Civil Procedure."

The exceptions listed in support of the assignment of error are Nos. 9 and 11. Exception No. 9 is to the following part of the charge:

> "(In this case each of the defendants contends and the plaintiff denies that the plaintiff was negligent in one or more of the following respects:
>
> First, in that she placed herself in a position of peril when she could have found safety. Second, that she failed

to remove herself to a position of safety from a place where she was in danger. Third, that she failed to keep a proper lookout for other persons using the highway. And, fourth, that she failed to yield the right of way to the vehicle of Mr. Bremson by walking on the wrong side of the road.

Now, with respect to the first of those, that is having placed herself in a position of peril when she could have remained or found herself a position of safety, the Court instructs you that if you find from the evidence and by its greater weight, the burden of proof being on the defendants to so satisfy you, that Miss Foy went out on that road on that night and stayed there when a reasonable and prudent person by the exercise of due caution knew or should have known that it was a dangerous place to be, then this would constitute and would not have done so . . . a reasonable person would not have done it under the circumstances then and there existing, then this would constitute negligence. If Miss Foy was on the road in a position of danger and failed to go to a position of safety when she had an opportunity to do so, when a reasonably careful and prudent person under the same circumstances then existing would have sought a position of safety, then this would constitute negligence.)"

In her brief, in support of this assignment of error, plaintiff argues that the court "failed to fully charge the applicable legal principles and apply the law to the evidence." Rule 10 (b) (2) of the Rules of Appellate Procedure requires that an exception to the failure to give particular instructions shall identify the omitted instruction by setting out its substance immediately following the instruction given.

[3]  We hold that in this instruction, the judge fairly declared and explained the law arising on the evidence, which he had just recapitulated, tending to show that plaintiff placed herself in a position of peril and failed to remove herself to a place of safety.

The court thereafter proceeded in portions of the charge, to which no exceptions were taken, to explain the law arising on the evidence tending to show that plaintiff failed to yield the right-of-way to defendant Bremson and her failure to keep a

proper lookout. In the instruction on failure to keep a proper lookout the court instructed the jury as follows:

> "The Court instructs you that a pedestrian who is walking upon a highway is required to keep a reasonable lookout, that in the same lookout as any reasonable, careful and prudent person would keep under all the circumstances then existing. Miss Foy's duty on this night was not only to look, but to see what she should have seen. She must be reasonable vigilent and anticipate the use of the highway by others and a breach of this duty or a violation of it is negligence."

Shortly thereafter the court gave the following instruction which is the subject of exception No. 11 brought forward in assignment of error No. 6.

> "(Finally, as to this issue of the contributory negligence of the plaintiff, the Court instructs you that if the defendants or either of them, have proved by the greater weight of the evidence, at the time of the collision, the plaintiff, Miss Foy was negligent in any one or more of the following respects, either in that she went into a place of danger when a person of reasonable care and prudence would not have done so, or that she failed to leave a place of danger and go to a place of safety when a reasonably, careful and prudent person would have done so, or that she failed to yield the right of way to vehicular traffic as a pedestrian when a reasonable, careful and prudent person would have done so, or that she failed to keep a proper lookout, which would be negligence per se if the defendants have proved either of these things by the greater weight of the evidence and if it has further been proved by the greater weight of the evidence that such negligence on her part was a proximate cause of her own injury, then it would be your duty to answer this issue, yes, in favor of the defendants.)"

[4] Plaintiff's objection to the foregoing is that the judge used the words "per se." It was the court's only use of or reference to the phrase. We see no error prejudicial to plaintiff in its use. At worst, it amounts to a superfluity of words. The judge, in effect, said that negligence is negligence. In certain instances statutes set a standard of care and a violation of such a statute is negligence without regard to the standard of a "rea-

sonably prudent person." In the absence of a safety statute the jury must judge conduct by the standard of a "reasonably prudent person." A violation of that standard is also negligence.

Plaintiff also contends that, in one instance, the court erred in its summary of plaintiff's testimony. Plaintiff noted an exception. Thereafter the court told the jury that the inadvertence had been called to his attention. He then restated the testimony according to his recollection and admonished the jurors to rely on their own recollection of the evidence. There is no exception to the restatement of that part of the testimony, and there is nothing in the record to indicate that the correction was not given exactly as requested. At any rate, it appears to be a fair summary of the witness's testimony. The assignment of error is overruled.

We conclude that the case was fairly tried without prejudicial error.

No error.

Judges MORRIS and CLARK concur.