BARNEY H. HINNANT, ADMINISTRATOR OF THE ESTATE OF SANDRA LEIGH HIN-
NANT, DECEASED v. JAMES NEAL HOLLAND AND JAMES WILLIAM
HOLLAND

No. 8811SC491

(Filed 6 December 1988)

1. **Automobiles and Other Vehicles § 51— death of passenger—negligence of driv-
er as jury issue—directed verdict and judgment n.o.v. properly denied**

   In an action for wrongful death of an automobile passenger, the trial court
   properly denied plaintiff's motions for directed verdict and judgment n.o.v.
   where reasonable minds could differ as to whether the accident which led to
   the passenger's death was proximately caused by defendant driver's
   negligence, particularly since defendant's evidence suggested other causes for
   the accident; moreover, defendant driver's negligence was not established as a
   matter of law by his statement at trial to the effect that, on hindsight, he "was
   traveling a little bit too fast for the curve."

2. **Automobiles and Other Vehicles § 90.10— peremptory instruction on negli-
gence requested—denial proper**

   The trial court in a wrongful death action properly refused to give a re-
   quested peremptory instruction on negligence where defendant's evidence
   regarding the composition of the roadway, the absence of warning signs, the
   locking of the wheel, the vehicle's tendency to overturn, and his driving at or
   below the speed limit all permitted more than the single inference that defend-
   ant was negligent.

3. **Automobiles and Other Vehicles § 90.1— violation of N.C.G.S. § 20-141(a)—
failure to instruct that violation was negligence per se—no error**

   The plaintiff in a wrongful death action was not prejudiced by the court's
   instruction that a violation of N.C.G.S. § 20-141(a) is negligence rather than
   negligence per se, since the practical effect of an instruction on negligence and
   negligence per se in regard to this statute would have been identical.

4. **Automobiles and Other Vehicles § 90.9— duty to decrease speed—failure to in-
struct—reversible error**

   The trial court in a wrongful death action committed reversible error in
   refusing to instruct the jury regarding the duty to decrease speed under
   N.C.G.S. § 20-141(m).

5. **Automobiles and Other Vehicles § 45.1; Trial § 18.2— wrongful death action—
defendant driver's testimony as to no criminal record—character evidence in-
admissible**

   The trial court in a wrongful death action erred in admitting defendant
   driver's testimony that he had never been convicted of a crime or traffic of-
   fense, since Rule 404 of the N.C. Rules of Evidence prohibits character
   evidence even of such "non-acts" as a good driving record; evidence which
   bolsters or corroborates a civil party's credibility is inadmissible unless his
   credibility has first been challenged, and defendant driver's credibility had not

been assailed; and a danger exists that the jury in a civil action will give undue weight to evidence that the defendant was never criminally charged or convicted for his role in the incident at issue.

6. **Evidence § 22.1— wrongful death action—testimony at criminal trial by subsequently unavailable witness—testimony inadmissible**

The trial court in a wrongful death action properly excluded the former testimony of an unavailable witness who had testified at defendant driver's criminal trial concerning other accidents at the curve where the fatal accident in question occurred, since Rule of Evidence 804(b)(1) requires exclusion of such testimony unless the party against whom the former testimony is offered, or a predecessor in interest, had an opportunity to develop the testimony by direct, cross, or redirect examination, but plaintiff, father of deceased passenger, was not a party to the criminal proceeding and had no opportunity to cross-examine the witness.

APPEAL by plaintiff from *Coy E. Brewer, Jr., Judge.* Judgment entered 2 March 1988 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 27 October 1988.

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Tommy W. Jarrett, for plaintiff-appellant.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and R. Bradley Miller, for defendant-appellees.*

BECTON, Judge.

This wrongful death action arose from a one-car accident in which a passenger was killed. From judgment entered on a jury verdict in favor of defendants, plaintiff appeals. For the reasons set out below, we reverse the judgment and remand for a new trial.

I

·On 19 December 1985, defendant James Neal Holland ("Neal"), age 16, drove his high school classmates to the home of a needy family to deliver Christmas presents as part of a school project. Neal drove a Chevrolet Blazer owned by his father, the defendant James William Holland. On the trip back to school, Sandra Leigh Hinnant and another student rode with Neal. Sandra sat in the back seat. The Blazer overturned at a curve in the road, and Sandra was killed. The plaintiff, Barney Hinnant ("Sandra's father"), brought this action for wrongful death of his daughter, alleging that Neal's negligence resulted in her death.

The evidence presented at trial showed the following. The accident happened on a clear day on a dry road composed of clay and sand. The road was 20 feet wide, had no shoulders, and was bounded by shallow ditches. The center of the road was hard and compacted; the sides were softer and sandy. No signs warned of the upcoming curve, but Neal's view of it was unobstructed. He drove well within the speed limit of 55 m.p.h., and he applied his brakes when he realized the curve was sharper than he first thought. The right front wheel "locked" in the sand, the Blazer went into a skid and flipped twice. The fiberglass portion of the roof, directly over the backseat, was torn off as the Blazer rolled.

Neal's father testified that, due to its short wheelbase, a Blazer does not "corner" well and is subject to overturning. He also testified that the road was paved the week following the accident. The former testimony of an unavailable witness, to the effect that four accidents had occurred at the same curve in as many years, was excluded as hearsay not within an exception.

Sandra's father appeals from a jury verdict finding Neal not negligent. He assigns error to (1) the denial of his motions for directed verdict and judgment notwithstanding the verdict; (2) the judge's refusal to give certain instructions to the jury; and (3) the admission of testimony on direct examination that Neal had no criminal convictions. Neal makes a cross-assignment of error to the exclusion of the unavailable witness' former testimony. We address these contentions in order.

II

[1] Sandra's father first contends that denial of his motions for directed verdict and judgment notwithstanding the verdict was error, since, he argues, the evidence at trial established Neal's negligence as a matter of law. We disagree.

A motion for directed verdict, like a motion for judgment notwithstanding the verdict, challenges whether evidence presented at trial is legally sufficient to go to the jury. *See Taylor v. Walker*, 320 N.C. 729, 733, 360 S.E. 2d 796, 799 (1987). A directed verdict or judgment notwithstanding the verdict may properly be entered in a negligence action "[o]nly in exceptional cases." *Id.* at 734, 360 S.E. 2d at 799. "Issues arising in negligence cases are ordinarily not susceptible of summary adjudication because applica-

tion of the prudent man test . . . is generally for the jury." *Id.* (citations omitted). Courts are even more reluctant to grant the motion when, as here, the moving party bears the burden of proof.

A party with the burden of proof may be granted a directed verdict "when the credibility of the movant's evidence is *manifest as a matter of law." Murdock v. Ratliff*, 310 N.C. 652, 659, 314 S.E. 2d 518, 522 (1984) (emphasis added). The evidence "must so clearly establish the fact in issue that no reasonable inferences to the contrary can be drawn." *Id.* " 'Needless to say, the instances where credibility is manifest will be rare, and courts should exercise restraint in removing the issue of credibility from the jury.' " *Id.* at .660, 314 S.E. 2d at 522 (emphasis removed) (quoting *North Carolina National Bank v. Burnette*, 297 N.C. 524, 538, 256 S.E. 2d 388, 396 (1979)). This is not one of those rare cases.

To be entitled to a directed verdict or judgment notwithstanding the verdict, Sandra's father had to prove as a matter of law that Neal was negligent, and that his negligence was the proximate cause of the accident. *See id.* at 662-63, 314 S.E. 2d at 524. Sandra's father asserts that this burden was satisfied when Neal made the following statement at trial:

Looking back at it now, yes sir, I do think I was travelling a little bit too fast for the curve.

The father, quoting language from *Burnette*, argues that the evidence of Neal's negligence was "manifestly credible" since Neal "admitt[ed] the truth of the basic facts upon which the [negligence] claim rested." He further argues that any doubts regarding the testimony were "only latent doubts," and therefore that he was entitled to judgment in his favor as a matter of law.

In our view, reasonable minds could differ as to whether the accident that led to Sandra's death was proximately caused by Neal's negligence, particularly since the defendants' evidence, viewed in a light most favorable to Neal, suggested other causes for the accident. Giving Neal the benefit of all reasonable inferences to be drawn from the evidence, we cannot conclude that his negligence was established as a matter of law. *See Taylor*, 320 N.C. at 734, 360 S.E. 2d at 799; *Kennedy v. K-Mart Corp.*, 84 N.C. App. 453, 454-55, 352 S.E. 2d 876, 877 (1987). Accordingly, we hold

that the case was properly submitted to the jury and that the trial judge did not err in denying the father's motions for directed verdict and judgment notwithstanding the verdict.

## III

Sandra's father next contends that the trial judge committed reversible error in refusing to give certain requested jury instructions.

### A. *Peremptory Instruction on Negligence*

[2] The trial judge declined to give a peremptory instruction tendered by Sandra's father which stated in relevant part: "*All of the evidence* tends to show that James Neal Holland was negligent, and that his negligence was a proximate cause of [Sandra's] death. . . . [T]here is *no evidence to the contrary* . . . ." (Emphasis added.) Sandra's father contends that failure to give this instruction entitled him to a new trial. We reject that contention.

As we stated in *Dobson v. Honeycutt*, "[w]hen *all the evidence* suffices, if true, to establish the controverted fact, the [c]ourt may give a peremptory instruction—that is, if the jury finds the facts to be as *all the evidence* tends to show, it will answer the inquiry in an indicated manner." 78 N.C. App. 709, 712, 338 S.E. 2d 605, 606-07 (1986) (citations omitted) (emphasis added). A peremptory instruction is proper only "when *all* evidence points in the same direction with but a single inference to be drawn." *Catoe v. Helms Constr. & Concrete Co.*, 91 N.C. App. 492, 372 S.E. 2d 331, 335 (1988) (emphasis added).

In the case before us, the trial judge properly refused to give the requested instruction because that instruction was not supported by all the evidence presented at trial. *See Property Shop, Inc. v. Mountain City Inv. Co.*, 56 N.C. App. 644, 649, 290 S.E. 2d 222, 225 (1982). Neal's evidence regarding the composition of the roadway, the absence of warning signs, the locking of the wheel, the Blazer's tendency to overturn, and evidence that Neal drove at or below the speed limit, all permitted more than the single inference that Neal was negligent.

### B. *Instruction on Negligence Per Se*

[3] The trial judge instructed the jury in part that North Carolina's motor vehicle law prohibits a motorist to drive a vehicle "at

a speed greater than is reasonable and prudent under the conditions then existing." The instruction tracked verbatim the language in N.C. Gen. Stat. Sec. 20-141(a) (1987). The judge further instructed the jury that violation of that law is negligence. Sandra's father contends that the judge erred in failing to instruct the jury that violation of the statute is negligence *per se*, and he further contends that this failure entitled him to a new trial. We disagree.

When a statute sets a standard of care for the protection of others, violation of that statute is negligence *per se*. *See generally Gore v. George J. Ball, Inc.*, 279 N.C. 192, 198, 182 S.E. 2d 389, 392 (1971); *Federated Mutual Insurance Co. v. Hardin*, 67 N.C. App. 487, 489, 313 S.E. 2d 801, 802-03 (1984). But in the absence of a safety statute, conduct is judged by the "reasonably prudent person" standard, a violation of which is negligence. *Foy v. Bremson*, 30 N.C. App. 662, 667, 228 S.E. 2d 88, 91 (1976).

It is technically true that violation of Section 20-141(a)'s "reasonable and prudent" standard is negligence *per se. See Cassetta v. Compton*, 256 N.C. 71, 74, 123 S.E. 2d 222, 224 (1961). Even so, we hold that the trial judge did not commit prejudicial error in instructing the jury that violation of the statute was negligence, since the practical effect of an instruction on negligence and negligence *per se* in regard to this statute would have been identical. In either case, the jury would be required to determine what was "reasonable and prudent" under the circumstances. *See Foy*, 30 N.C. App. at 666-67, 228 S.E. 2d at 91 ("The judge, in effect, [would have] said that negligence is negligence.").

C. *Instruction on Duty to Decrease Speed*

[4] Sandra's father next contends that the trial judge erred in failing to instruct the jury regarding the duty to decrease speed, and that as a result he should have been granted a new trial. For the reasons that follow, we agree.

The trial judge instructed the jury in accordance with subsection (a) of N.C. Gen. Stat. Sec. 20-141, but declined to instruct them as to subsection (m). Section 20-141(a) of the General Statutes provides:

No person shall drive a vehicle on a highway or in a public vehicular area at a speed greater than is *reasonable and prudent* under the conditions then existing.

N.C. Gen. Stat. Sec. 20-141(a) (Supp. 1987) (emphasis added). Subsection (m) of 20-141 provides:

The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the operator of a vehicle from the *duty to decrease speed* as may be necessary to avoid . . . injury to any person or property.

N.C. Gen. Stat. Sec. 20-141(m) (1987) (emphasis added).

Subsection (m), enacted in 1977, is substantially a recodification of former subsection (c), which was not specifically reincorporated in Section 20-141 when the statute was amended in 1973. Subsection (c) established the duty to decrease speed, and listed specific instances in which a reduction in speed was necessary, including "when approaching and going around a curve." N.C. Gen. Stat. Sec. 20-141(c) (1965). During the short period (between omission of (c) in 1973 and enactment of (m) in 1977) when there was no statutory duty to decrease speed, our Supreme Court held that the duty to drive at a reasonable and prudent speed under subsection (a) necessarily encompassed former subsection (c)'s duty to decrease speed. *State v. Gainey*, 292 N.C. 627, 630, 234 S.E. 2d 610, 613 (1977).

Neal argues that any error in omitting reference to the duty to decrease speed was harmless, since that duty is part of the duty to drive at a reasonable and prudent speed. He further argues that the instructions given by the judge were sufficient because, based on common sense and common experience, jurors understand that the duty to drive at a reasonable and prudent speed of necessity also requires a driver to reduce his speed when, under the conditions existing, the speed at which he travels ceases to be reasonable and prudent. Although we find this argument persuasive, we are constrained by precedent established in *Pittman v. Swanson*, 255 N.C. 681, 122 S.E. 2d 814 (1961), and accordingly we reject Neal's argument.

In *Pittman*, a teenager's car overturned at a sandy curve in the road, injuring a passenger. The jury found the teenager not negligent. There, as in the case before us, evidence showed that

the teenager drove within the 55 m.p.h. speed limit. And there, as here, the trial judge instructed the jury that, notwithstanding the posted speed limit, a person may not drive at a speed greater than is reasonable and prudent under the conditions existing, the conditions including features of the roadway, such as whether it curved. Our Supreme Court held that the trial judge committed reversible error in failing to instruct the jury regarding the additional statutory duty to decrease speed:

> The court in its charge quoted almost verbatim the provisions of G.S. Sec. 20-141(a), but neither charged nor explained in form or substance, nor made any reference to, the provisions of G.S. Sec. 20-141(c) [now (m)] in any part of the charge. This affected a substantive right of plaintiff, and is prejudicial error. . . .

*Id.* at 685, 122 S.E. 2d at 817. A new trial was ordered.

In light of *Pittman*, we hold that the trial judge committed reversible error in refusing to instruct the jury regarding the duty to decrease speed under N.C. Gen. Stat. Sec. 20-141(m). Therefore, Sandra's father is entitled to a new trial.

## IV

[5] Prior to this suit, Neal was criminally convicted in district court of reckless driving and death by motor vehicle for his role in the accident. He was found not guilty upon appeal to superior court. Sandra's father now assigns error to admission of Neal's testimony on direct examination that Neal had no criminal convictions, even for traffic offenses.

We believe the testimony was elicited for one of the following purposes: (1) to suggest that Neal drove safely the day of the accident, since he had no previous traffic convictions; (2) to bolster Neal's credibility; or (3) to imply to the jury either that no criminal charges were brought against Neal or that he was acquitted of charges, thereby suggesting that he had once been—and should again be—found not at fault for the accident. For the reasons that follow, we hold that the evidence was not admissible for any of these purposes.

First, under Rule 404 of the North Carolina Rules of Evidence, evidence of prior crimes, wrongs, or acts is not admissible

to prove the character of a party to show that he acted in conformity therewith on a particular occasion. N.C. Gen. Stat. Sec. 8C-1, R. Evid. 404(a), (b) (1988). Rule 404 prohibits character evidence even of such "non-acts" as a good driving record. *See Wentz v. Unifi*, 89 N.C. App. 33, 39, 365 S.E. 2d 198, 201 (1988), *disc. rev. denied*, 322 N.C. 610, 370 S.E. 2d 257 (1988). The stated exceptions to the rule are not relevant here. *See* R. Evid. 404.

Second, evidence that bolsters or corroborates a civil party's credibility is inadmissible unless his credibility has first been challenged. *See Holiday v. Cutchin*, 311 N.C. 277, 280, 316 S.E. 2d 55, 58 (1984); *State v. Johnson*, 282 N.C. 1, 26, 191 S.E. 2d 641, 658 (1972). *Accord* N.C. Gen. Stat. Sec. 8C-1, R. Evid. 608(a) (1988); Brandis, 1 *Brandis on North Carolina Evidence*, Sec. 50 (3d ed. 1988). *Cf.*, in criminal context, *State v. Dellinger*, 308 N.C. 288, 302 S.E. 2d 194 (1983); *State v. Hedgepeth*, 66 N.C. App. 390, 310 S.E. 2d 920 (1984); 1 *Brandis*, Sec. 104 (defendant in criminal case may testify on direct examination to his own good character and absence of convictions). Furthermore, while specific instances of conduct may be inquired into to support (or impeach) a witness' credibility, the inquiry may be made *only* during cross-examination and *only* if the conduct relates to the witness' truthfulness or untruthfulness. *See* N.C. Gen. Stat. Sec. 8C-1, R. Evid. 608(b) (1988); *State v. Morgan*, 315 N.C. 626, 634, 340 S.E. 2d 84, 89-90 (1986). Here, the evidence that Neal had no traffic or other criminal convictions was inadmissible to corroborate his testimony because (1) his credibility had not been assailed; (2) the evidence was elicited on direct examination; and (3) the evidence had nothing to do with his veracity.

Third, a danger exists that the jury in a civil action will give undue weight to evidence that the defendant was never criminally charged or convicted for his role in the incident at issue. *See Beanblossom v. Thomas*, 266 N.C. 181, 185-86, 146 S.E. 2d 36, 40 (1966). It is error to admit such evidence since it is "incompetent . . . to exonerate [the defendant] of negligence in [a] civil action." *Id.* at 186, 146 S.E. 2d at 40. *Accord Durham Bank & Trust Co. v. Pollard*, 256 N.C. 77, 79, 123 S.E. 2d 104, 106 (1961) ("evidence of . . . an acquittal, rendered in a criminal prosecution, is not admissible in evidence in a purely civil action to establish the truth of the facts on which . . . acquittal was rendered. . . ."); *Fowler-Barham Ford, Inc. v. Indiana Lumbermens Mut. Ins. Co.*, 45 N.C.

App. 625, 630, 263 S.E. 2d 825, 829 (1980), *disc. rev. denied,* 300 N.C. 372, 267 S.E. 2d 675 (1980) (evidence of a criminal conviction for acts constituting the basis of liability in a civil suit is not admissible unless the conviction was entered on a guilty plea).

In light of the foregoing, we conclude that the trial judge erred in admitting Neal's testimony that he had never been convicted of a crime or traffic offense.

V

[6] We now reach Neal's contention that the trial judge erred in excluding the former testimony of the unavailable witness who testified at Neal's criminal trial regarding other accidents at that curve.

Rule 804(b)(1) of the Rules of Evidence provides that the former testimony of an unavailable witness will be excluded under the hearsay rule unless the party against whom the former testimony is offered, or a predecessor in interest, "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." N.C. Gen. Stat. Sec. 8C-1 R. Evid. 804(b)(1) (1988); *cf. Parrish v. Bryant,* 237 N.C. 256, 258, 74 S.E. 2d 726, 727-28 (1953) (excluding testimony from criminal trial in civil action for negligence). We find persuasive the asserted rationale behind the federal rule, identical to our own rule, that " 'it is . . . unfair to impose upon the party against whom the hearsay evidence is being offered responsibility for the manner in which the witness was previously handled by another party.' " 4 *Weinstein's Evidence* para. 804(b)(1) [04] (1985) (quoting H.R. Rep. No. 93-650, 93d Cong., 1st Sess. at 15 (1973) ).

Sandra's father was not a party to the criminal proceeding, and had no opportunity to cross-examine the witness. Although it is arguable that the prosecuting attorney had a "similar motive to develop the testimony," he was not a predecessor in interest to Sandra's estate. Therefore, exclusion of the former testimony was correct.

VI

We conclude that the errors in admitting Neal's testimony that he had never been convicted of a crime and in the charge to the jury entitle the appellant, Barney Hinnant, to a new trial.

New trial.

Judges ARNOLD and EAGLES concur.