Milton E. SPARKS, Plaintiff–Appellant,

v.

GILLEY TRUCKING COMPANY, INCORPORATED, Defendant–Appellee.

No. 92–1547.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 2, 1992.

Decided April 21, 1993.

---

James Collins Landstreet, II, Cowan & Landstreet, Elizabethton, TN, argued, for plaintiff-appellant.

Frank Parrott Graham, Roberts, Stevens & Cogburn, P.A., Asheville, NC, argued, for defendant-appellee.

Before WILKINSON and NIEMEYER, Circuit Judges, and MORGAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

NIEMEYER, Circuit Judge:

The principal issue presented in this appeal is whether evidence of prior speeding tickets may be admitted under Federal Rule of Evidence 404(b) to prove negligence in an automobile tort case. We hold that in the circumstances of this case it was prejudicial error for the district court to have admitted such evidence, and we therefore vacate the judgment and remand the case for a new trial.

### I

Late on a June afternoon in 1987, Milton E. Sparks was driving up a mountain near the North Carolina–Tennessee border in his red Corvette when a logging truck came down the mountain in the opposite direction. After the vehicles passed by each other, Sparks lost control of his car, hit a tree, and sustained serious personal injuries. Sparks sued Gilley Trucking Company, the owner of the logging truck, alleging negligence, and Gilley Trucking filed a defense contending that Sparks' own negligence contributed to the accident. At trial Sparks testified that the truck was traveling in the middle of the road and that, in trying to avoid a collision, he ran off the road and hit a tree. The driver of the truck testified to different facts, stating that Sparks was driving at an excessive rate of speed in the middle of the road and lost control when he swerved to avoid hitting the truck.

To advance its theory that Sparks was speeding and, indeed, racing at the time of the accident, Gilley Trucking was allowed to introduce, over Sparks' objection, evidence that Sparks had been convicted of speeding on several prior occasions. Relying on Federal Rule of Evidence 404(b), the district court admitted the evidence "to show intent, preparation, plan or motive to race or speed on the day in question." This evidence formed a principal part of Gilley Trucking's defense that on the day of the accident Sparks was contributorily negligent. Gilley Trucking also presented testimony of the investigating police officer who estimated Sparks' rate of speed immediately before the accident at 70 m.p.h.

The jury found that negligence of both drivers contributed to the accident and, as required by North Carolina law, rendered judgment for the defendant trucking company. On appeal Sparks contends that the district court erred in admitting both the evidence of prior speeding tickets and the expert testimony.

### II

The principal issue turns on whether the fact that Sparks was convicted of speeding on prior occasions had a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R.Evid. 401. The analysis begins with the recognition that Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or a trait of character" is not ad-

missible to prove that a person acted in conformity with that character or trait on a particular occasion. Attempting to prove conduct by showing a character trait is too general and unreliable a method, and therefore it is excluded under the same principle as is reflected in Rule 403—any probative value is "substantially outweighed by the danger of unfair prejudice." Accordingly, Rule 404(b) provides that evidence of prior "crimes, wrongs or acts" may be admitted to prove a relevant fact except when it is offered solely to "prove the character of a person in order to show action in conformity therewith." Rule 404(b) is thus a rule of inclusion that permits the admission of prior acts if probative to an aspect of the case and not offered merely to establish a character trait which would encompass the type of conduct in question.[1] *See United States v. Masters,* 622 F.2d 83, 85–86 (4th Cir.1980).

Thus, when *intent* to commit a crime is at issue, we have regularly permitted the admission of prior acts to prove that element. A criminal defendant, for example, cannot deny knowledge of drug trafficking or an intent to traffic in drugs and at the same time preclude the admission of the government's evidence of prior occasions when he willingly trafficked in drugs. We have held repeatedly that when intent to commit an act is an element of a crime, prior activity showing a willingness to commit that act may be probative. *See, e.g., United States v. Mark,* 943 F.2d 444, 448 (4th Cir.1991); *United States v. Rawle,* 845 F.2d 1244, 1247–48 (4th Cir.1988). The Supreme Court pointed out in *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the importance that prior act evidence may have in deciding a disputed issue, "especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Id.* at 685, 108 S.Ct. at 1499. Thus when evidence of prior acts is probative of a fact material to the case, Rule 404(b) permits its admission even when it may tend also to show a character trait. To protect against the danger of prejudice the court should give

a limiting instruction under Rule 105 if one is requested and must, in any event, weigh the prejudicial effect under Rule 403.

In a common law negligence case, however, the issue is generally not the defendant's state of mind. Rather the factfinder must determine whether the defendant was acting as a reasonable person would have acted in similar circumstances. In this case Gilley Trucking was attempting to prove that Sparks was speeding or racing at the time of the accident and therefore driving in a negligent manner that contributed to the resulting accident. Yet proof of negligence does not require a showing of intent or plan, the stated purposes for which the prior speeding tickets were admitted by the district court. Moreover, prior acts of speeding alone do not establish intent because a speeding violation does not depend on intent. A speeding ticket may be issued regardless of the defendant's state of mind. Indeed, accidental or inadvertent speeding may result in the issuance of a speeding ticket. *See* N.C.Gen. Stat. § 20–141.

If Gilley Trucking was attempting to show that Sparks was racing at the time of the accident, it took upon itself the unnecessary burden of showing that Sparks was speeding intentionally to show that he was driving negligently. While an intentional act does require proof of a state of mind, for which prior acts may be admissible, a showing of *prior acts of speeding without more is still not relevant* to establishing this state of mind. Gilley Trucking made no effort to show that any prior speeding was deliberate or was in any way related to racing. Indeed, Sparks' explanations tend to suggest that the conduct resulted more from inadvertence. For example, he said, "As far as I know every speeding ticket I've ever had has been out on interstate road traveling back and forth to and from jobs."

Nor did Gilley Trucking present any foundation for the theory that the prior tickets revealed a "plan" or a "motive" to race on the day of the accident, and none of the evidence

---

1. In cases where character itself becomes relevant to an issue, however, it may be proved by prior acts. *See* Fed.R.Evid. 405(b).

about the tickets discloses preparation to speed or race on that day.

The relatively extensive evidence of the several prior speeding tickets in this case tended to show at most a trait about Sparks, that he tended to speed, and to suggest that because he speeded on prior occasions, he was speeding at the time of the accident. This purpose for using the prior acts evidence, however, is the one specifically prohibited by Rule 404, as we have already observed, and the evidence should not have been admitted.[2]

■ While it was error to have admitted evidence of the prior speeding tickets in the circumstances of this case, a new trial is warranted only if admission of the evidence was not harmless error. *See* 28 U.S.C. § 2111 (judgments not to be set aside on appeal based on "errors or defects which do not affect the substantial rights of the parties"); Fed.R.Evid. 103(a) (same). In the circumstances of this case we do not find the error harmless. When the speeding tickets are excluded, the evidence presents close factual issues. Sparks and the Gilley Trucking driver testified to different versions of the events leading to the accident. There was conflicting testimony and physical evidence of Sparks' speed. Against the backdrop of this stand-off, the jury heard detailed evidence about several prior occasions when Sparks was convicted of speeding, and this evidence thus became an important aspect of Gilley Trucking's presentation to the jury. *Cf. Bonilla v. Yamaha Motors Corp.*, 955 F.2d 150, 154–55 (1st Cir.1992) (finding erroneous admission of speeding tickets not harmless error). We cannot determine that the evidence did not adversely affect the outcome of the case. *See Ellis v. International Playtex, Inc.*, 745 F.2d 292, 305 (4th

Cir.1984) (error not harmless when court could not be certain refusal to admit evidence did not prejudice outcome). Accordingly, we conclude that a new trial is necessary in this case.

### III

■ Sparks also contends that the district court erred in allowing Officer D.K. Doster, who investigated the accident, to testify as an expert witness for Gilley Trucking that immediately prior to the accident he estimated Sparks' speed at 70 m.p.h. Sparks argues that the court should not have admitted the expert testimony of Officer Doster as it was without sufficient factual basis, in particular because Officer Doster did not measure the friction of the highway surface in question before applying a coefficient of friction to the length of the skid marks when estimating Sparks' speed.

■ While resolution of this issue is not necessary to the immediate disposition of this appeal, we address it because the testimony of Officer Doster may again be offered at a new trial.[3] Expert witnesses may testify whenever special knowledge will assist the trier of fact. Fed.R.Evid. 702. Whether to allow expert testimony and whether a potential witness possesses sufficient education and training to render an expert opinion are questions committed to the discretion of the trial judge, and our review determines only whether this discretion has been abused. *See Persinger v. Norfolk & W. Ry.*, 920 F.2d 1185, 1187 (4th Cir.1990). Here, the district court concluded that expert testimony would help the jury evaluate the physical evidence and consider how fast Sparks was driving. The court accepted Officer Doster as an expert on rates of speed after it was presented

---

2. We are careful to note that our opinion is limited to the circumstances of this case and should not be construed to establish a *per se* rule that would require the exclusion of a party's driving record under different circumstances. *See, e.g., United States v. Fleming*, 739 F.2d 945, 949 (4th Cir.1984) (admission of prior drunk driving convictions not error in vehicular death case as prosecutor must show malice—awareness of risk of drinking and driving), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 973 (1985).

3. In contrast, we need not address Sparks' final assignment of error—that the district court erred in refusing to allow Earl Street to testify for Sparks as a rebuttal witness to impeach the testimony of the Gilley Trucking Driver. The court ruled that Sparks' notification of the witness to Gilley Trucking was untimely, and to permit the witness to testify would be "unfair surprise" without giving Gilley Trucking "time to look into it." By our new trial order, this issue is rendered moot.

with evidence of his experience in accident investigation and reconstruction as a member of the North Carolina Highway Patrol and the Franklin Police Department and his training through formal instruction. We do not find that the court abused its discretion.

■ Sparks argues, however, that even if Officer Doster was properly accepted as an expert, he should not have been allowed to give his opinion on speed without having conducted a proper coefficients of friction test because without it he lacked the necessary factual basis to form a useful opinion. Sparks is correct in noting that a court may refuse to allow a generally qualified expert to testify if his factual assumptions are not supported by the evidence. *See Eastern Auto Distrib., Inc. v. Peugeot Motors of America, Inc.,* 795 F.2d 329, 337–38 (4th Cir.1986). In this case, however, the objection relates more to how Officer Doster formed his opinion than to the facts upon which it was based. Officer Doster was the first officer on the scene. He saw the skid marks, their length, and their direction, and he observed the highway surface, the condition of the car, and the tree it hit. Moreover, all of the facts he considered in making his estimate were in evidence. Whether he properly performed a test goes more to the weight to be attached to his opinion than to its admissibility. *See, e.g., Bazemore v. Friday,* 478 U.S. 385, 400, 106 S.Ct. 3000, 3009, 92 L.Ed.2d 315 (1986) (finding that failure to include certain variables in a regression analysis went to the probative weight of the analysis, not to its admissibility). The proper methods for addressing the perceived shortcoming in Officer Doster's technique were cross-examination and the presentation of rebutting expert testimony, and Sparks availed himself of both methods.

Thus, while we find no abuse of discretion by the district court in admitting the expert testimony, we nevertheless vacate the judgment and remand for a new trial because the admission of evidence of prior speeding tickets was improper and prejudicial.

REVERSED AND REMANDED.

MORGAN, District Judge, dissenting:

I agree with the majority that the principal issue is whether the fact that Milton Sparks was convicted of speeding on prior occasions had a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. My answer is "yes."

First, the majority states that "when *intent* to commit a crime is at issue, we have regularly permitted the admission of prior acts to prove that element." Here, intent to race was at issue, as Gilley Trucking attempted to prove racing and speeding on the part of Sparks. While intent is not an element of a criminal conviction of speeding, it is an element of racing. Would Sparks' six prior speeding tickets in three years be relevant evidence upon the issue of whether he was engaged in racing at the time of the accident? I believe it would. The trial judge could find that such tickets were admissible as probative of Sparks' intent or plan to *race,* although they are clearly not admissible to prove conduct in conformity with prior acts of *speeding.*

The majority suggests that "a showing of prior acts of speeding *without more* is still not relevant to establishing this state of mind." (emphasis added). Presumably, the Court is talking about the state of mind to race. I would agree that such prior acts alone are not sufficient to prove Sparks was racing, but they are relevant with the "more" that exists on the issue of whether Sparks had the intent to race over the mountain. The "more" includes the testimony of Lawrence Fox, the defendant's truck driver, that "he met two cars racing on the mountain" and Officer Doster's testimony estimating Sparks' rate of speed immediately before the accident at 70 m.p.h.

Given that Fed.R.Evid. 404(b) is a "rule of inclusion," *United States v. Masters,* 622 F.2d 83, 85 (4th Cir.1980), was the admission of Sparks' prior speeding tickets "arbitrary or irrational?" *United States v. Haney,* 914 F.2d 602, 607 (4th Cir.1990). My answer is "no." That the trial judge appreciated the complexity of this issue is demonstrated by the fact that he considered the admissibility

of the speeding tickets on three separate occasions: (1) in the weighing of the probative value of the evidence at the pre-trial hearing; (2) in his lengthy limiting instruction to the jury during trial; and (3) in a similar instruction at the close of the evidence. Further, the trial judge clearly explained and supported his reasoning in his post-trial opinion denying Sparks' motion for a new trial.

It is not suggested that the prior traffic records of anyone accused of negligence should be automatically admissible in a motor vehicle collision case. However, the trial judge recognized this was a unique problem due to the nature of Gilley Trucking's defense of contributory negligence. That is, the negligence charged to Sparks was based, in part, on the fact that he was allegedly engaged in a race to cross the mountain in the least possible time.

The trial judge was in a unique position to hear and appreciate *all* the evidence in the case. He carefully weighed the issue in advance of trial, gave an extensive limiting instruction during the trial and included a final limiting instruction in his charge to the jury. The trial judge noted in his ruling upon Sparks' motion for a new trial that under North Carolina law prior driving records may be received in evidence if the stated exceptions of Rule 404(b) are met. *Hinnant v. Holland,* 92 N.C.App. 142, 149–50, 374 S.E.2d 152, 157 (1988), *review denied,* 324 N.C. 335, 378 S.E.2d 792 (1989). *Cf. United States v. Fleming,* 739 F.2d 945, 949 (4th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 973 (1985) (a defendant's driving record showing previous convictions for driving while intoxicated could be admitted under 404(b) "to establish that defendant had grounds to be aware of the risk his driving and drinking while intoxicated presented to others."). The trial judge's careful consideration of this issue does not suggest an abuse of discretion which resulted in an "arbitrary or irrational" ruling. *Id.* Accordingly, I would affirm the trial court's decision.