KAREN D. WELLING, PLAINTIFF v. SHELLY RENEE WALKER, DEFENDANT

No. 9326SC1312

(Filed 20 December 1994)

1. **Declaratory Judgment Actions § 20 (NCI4th)— insurer not party to action—request for declaratory judgment properly denied**

    The trial court properly denied plaintiff's motions for partial summary judgment and for a declaratory judgment that there was an agreement that defendant's liability insurer would pay its policy limit plus prejudgment interest in exchange for a complete release, since defendant's insurer had an interest in the proceeding, namely, whether its policy provided prejudgment interest, and the insurer was not a party to the action. N.C.G.S. § 1-260.

    **Am Jur 2d, Declaratory Judgments §§ 203 et seq.**

    **Construction, application, and effect of section 11 of the Uniform Declaratory Judgments Act that all persons who have or claim any interest which would be affected by the declaration shall be made parties. 71 ALR2d 723.**

2. **Automobiles and Other Vehicles § 730 (NCI4th)— duty to decrease speed—failure to give requested instruction—error**

    The trial court erred by refusing to instruct the jury, as requested by plaintiff in writing, that defendant had a duty to decrease her speed as necessary to avoid a collision. N.C.G.S. § 20-141(m).

    **Am Jur 2d, Automobiles and Highway Traffic §§ 1112 et seq.**

**3. Appeal and Error § 342 (NCI4th)— evidentiary matters— no cross-assignment of error**

Defendant could not cross-assign as error the admission of evidence regarding plaintiff's claim for permanent disability, since an appellee may cross-assign as error any action or omission of the trial court which deprived appellee of an alternative basis in law for supporting the judgment, and these evidentiary arguments did not provide an alternate basis to support the judgment. N.C. R. App. P. 10(d).

**Am Jur 2d, Appeal and Error § 653.**

Appeal by plaintiff from judgment entered 27 July 1993 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 September 1994.

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by James F. Wood, III; and Charles M. Welling, for plaintiff-appellant.*

*Caudle & Spears, P.A., by Harold C. Spears and Timothy T. Leach, for defendant-appellee Shelly Renee Walker.*

*Wishart, Norris, Henninger & Pittman, P.A., by Kenneth R. Raynor and Michael J. Rousseaux, for defendant-appellee The Travelers Insurance Co.*

WYNN, Judge.

This action arises out of an automobile accident on 8 May 1990. Plaintiff, Karen D. Welling, stopped at the intersection of Albemarle Road and Royal Oaks Road in Charlotte and defendant, Shelly Renee Walker, hit plaintiff in the rear. Defendant testified that she saw plaintiff's brake lights and attempted to apply her brakes, but her shoe slipped off the pedal and she collided with plaintiff. Plaintiff brought this action alleging she was injured by defendant's negligence. The trial court submitted the case to the jury which found plaintiff was not injured by defendant's negligence. The trial court entered judgment for defendant and from that judgment plaintiff appeals.

I.

[1] Plaintiff first argues that the trial court erred by denying plaintiff's motions regarding defendant's liability insurance policy. Plaintiff made motions under N.C. Gen. Stat. § 1A-1, Rule 56 for partial sum-

mary judgment and under Rule 57 for a declaratory judgment that there was an agreement that defendant's liability insurer, North Carolina Farm Bureau Mutual Insurance Co. ("Farm Bureau"), would pay the plaintiff its policy limit of $25,000 in exchange for plaintiff executing a complete release of defendant from liability, and that this policy provided for prejudgment interest. This Court granted plaintiff's petition for certiorari to review this issue. Assuming, *arguendo*, that plaintiff can initiate a declaratory judgment action by a motion in the cause, we find that Farm Bureau was not a party to the action. N.C. Gen. Stat. § 1-260 of the Declaratory Judgment Act provides that "all persons shall be made parties who have or claim any interest which would be affected by the declaration." N.C. Gen. Stat. § 1-260 (1983). Since Farm Bureau has an interest in the proceeding, namely whether its policy provides for prejudgment interest, and it was not a party to the action, the trial court properly denied plaintiff's motions. This assignment of error is overruled.

II.

[2] Plaintiff next assigns error to the trial court's instructions to the jury. Plaintiff argues that the trial court erred by not instructing the jury with regard to defendant's duty to decrease her speed as necessary to avoid a collision as required by N.C. Gen. Stat. § 20-141(m). We agree.

Defendant The Travelers Insurance Co. ("Travelers") contends that plaintiff did not comply with Rule 10(b)(2) of the Rules of Appellate Procedure and make a timely objection to the jury instructions and therefore has waived her right to appellate review. We note, however, that plaintiff made a written request for a particular jury instruction which the court denied. Plaintiff is therefore not required by Rule 10(b)(2) to repeat her objection to preserve it for appellate review. *See State v. Smith*, 311 N.C. 287, 316 S.E.2d 73 (1984); *Wall v. Stout*, 310 N.C. 184, 311 S.E.2d 571 (1984).

If a party properly makes a written request for a specific instruction which is correct in itself and supported by the evidence, it is error for the trial court to fail to give the instruction at least in substance. *Williams v. Randolph*, 94 N.C. App. 413, 380 S.E.2d 553, *disc. review denied*, 325 N.C. 437, 384 S.E.2d 547 (1989). N.C. Gen. Stat. § 20-141(m) provides:

The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the operator of a vehicle from the duty to

decrease speed as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, and to avoid injury to any person or property.

N.C. Gen. Stat. § 20-141(m) (1993). *State v. Worthington* held that this statute does not impose liability except in cases "where a reasonable and ordinarily prudent person could, and would have, decreased his speed to avoid a collision." *State v. Worthington,* 89 N.C. App. 88, 92, 365 S.E.2d 317, 320, *appeal dismissed,* 322 N.C. 115, 367 S.E.2d 134 (1988).

In *Hinnant v. Holland,* 92 N.C. App. 142, 374 S.E.2d 152 (1988), *disc. review denied,* 324 N.C. 335, 378 S.E.2d 792 (1989), the defendant was driving around a curve well within the posted speed limit when his automobile skidded and flipped over resulting in the death of a passenger. This Court held that the trial court erred by not instructing the jury on the defendant's duty to decrease speed under N.C. Gen. Stat. § 20-141(m). Even though the defendant drove under the speed limit, "a person may not drive at a speed greater than is reasonable and prudent under the conditions existing." *Hinnant,* 92 N.C. App. at 149, 374 S.E.2d at 156.

In *Stutts v. Adair,* 94 N.C. App. 227, 380 S.E.2d 411 (1989), this Court discussed its holding in *Hinnant.* In *Stutts,* the defendant turned left at an intersection and collided with the plaintiff's decedent. The defendant cited *Hinnant* and argued that the trial court erred by failing to instruct the jury regarding the plaintiff's duty to decrease her speed. *Stutts,* 94 N.C. App. at 232, 380 S.E.2d at 414. The Court rejected this argument and held that the trial court must give the instruction only when the evidence suggests a breach of the duty to decrease speed, "even if the judge *does* instruct on the driver's duty to observe a reasonable and prudent speed under the existing conditions." *Id.* at 232, 380 S.E.2d at 415. In *Stutts,* since the defendant did not introduce any evidence concerning the decedent's speed, the trial court correctly refused to give the requested instruction. *Id.*

In the instant case, plaintiff requested that the trial court instruct the jury regarding defendant's duty under N.C. Gen. Stat. § 20-141(m) to decrease her speed to avoid a collision. On cross-examination defendant testified as follows:

Q.   What was your speed at the time that you saw her brake lights?

A. I did not look at my speedometer, so I cannot tell you exactly what my speed was. I stated that I never left third gear. I, approximately, shift to second gear at about ten miles an hour, and I shift to third gear at approximately twenty miles an hour, and then I would shift to fourth gear somewhere in the neighborhood of the mid-thirties, and I never got to third gear.

Q. So, you could have been anywhere between twenty and the mid-thirties, but not into fourth gear yet?

A. That is approximately correct.

Q. And how far were you when you saw her brake lights come on?

A. I would approximately say two car lengths.

We conclude that this testimony is sufficient evidence of defendant's speed at the time of the accident to raise the issue of whether a reasonable and prudent person could, and would have, decreased her speed to avoid a collision. *Worthington*, 89 N.C. App. at 92, 365 S.E.2d at 320. Therefore, the trial court erred by refusing to instruct the jury that defendant had a duty to decrease her speed under N.C. Gen. Stat. § 20-141(m). *Hinnant*, 92 N.C. App. at 149, 374 S.E.2d at 156.

III.

[3] Defendant and Travelers cross-assign as error the admission of evidence regarding plaintiff's claim for permanent disability. Defendant and Travelers argue that the trial court erred by admitting into evidence a mortuary table and a letter written by plaintiff's physician. Defendant and Travelers. also argue that the trial court erred by instructing the jury on plaintiff's future medical expenses. These arguments are not the proper subject of a cross-assignment of error under Rule 10(d) of the Rules of Appellate Procedure. Rule 10(d) provides that an appellee may cross-assign as error any action or omission of the trial court "which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C. R. App. P. 10(d). These evidentiary arguments do not provide an alternate basis to support the judgment; therefore, they cannot be cross-assigned as error. *See Stevenson v. North Carolina Dept. of Insurance*, 45 N.C. App. 53, 262 S.E.2d 378 (1980).

We conclude that the error in the charge to the jury entitles plaintiff to a

New trial.

Judge COZORT concurs.

Judge McCRODDEN concurred in this opinion prior to 16 December 1994.