***********
The Full Commission has reviewed the prior Order based upon the record before Deputy Commissioner Phillips and the briefs and arguments before the Full Commission. The appealing *Page 2 
parties have shown good grounds to reconsider the matter and upon reconsideration the Full Commission VACATES the Order of the Deputy Commissioner.
 ***********
The issues before the Full Commission are whether defendants Hall's Boat Repair, Inc. and Robert Hall, individually, are necessary parties to this claim and, if so, can the case proceed to disposition, given plaintiff's incapacity. For purposes of understanding the issues before the Commission, a summary of the lengthy procedural history of the case follows.
Plaintiff was a laborer on a crew building a boat for defendant Skeets Winner. Mr. Winner runs a charter boat operation out of Carolina Beach, North Carolina. On February 7, 2007, plaintiff sustained a fall and injuries while working on the boat under construction. Skeets Winner and Walter Skeets Winner d/b/a Skeets Winner Corporation had no workers' compensation coverage on the date of the accident.
A hearing was held on November 16, 2007, before Deputy Commissioner George C. Hall, III, in Burgaw. At that time defendant Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation was the only named defendant. Following the evidentiary hearing, Deputy Commissioner Hall determined that Hall's Boat Repair, Inc., and Robert Hall, in his individual capacity, were necessary parties to this claim. Deputy Commissioner Hall therefore added said parties pursuant to an Order filed on November 28, 2007. Over the next year, the case was scheduled for hearings and continued multiple times.
Before the hearing could be rescheduled, on January 6, 2009, plaintiff was catastrophically injured in a car accident and hospitalized under 24-hour care at UNC Hospital. Attorney Mark A. Rutledge, Jr., was appointed plaintiff's guardian ad litem and by letter dated November 10, 2009, Mr. Rutledge informed Deputy Commissioner Phillips that plaintiff was in *Page 3 
critical condition, with little or no brain function remaining, and incapable of communication. Plaintiff was unconscious and, according to his physicians, his medical condition was unlikely to improve in the foreseeable future.
Counsel for the original defendant, Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation, filed a motion on January 22, 2010 with Deputy Commissioner Phillips to dismiss plaintiff's claim without prejudice. Counsel stated in his motion that defendants, Hall's Boat Repair, Inc., and Robert Hall, in his individual capacity, were properly added as parties and a new trial should be granted. However, because plaintiff's unfortunate circumstances had caused the case to continue to remain in an indefinite status, counsel moved the Deputy Commissioner to dismiss plaintiff's claim without prejudice.
By Order filed February 9, 2010, Deputy Commissioner Phillips removed the matter from the active hearing docket. The Deputy Commissioner noted in her Order that defendants, Hall's Boat Repair, Inc., and Robert Hall, in his individual capacity, were necessary parties to the claim and that said defendants were not parties to the claim at the hearing on November 28, 2007, before Deputy Commissioner Hall. Deputy Commissioner Phillips ordered that the testimony from the prior hearing be stricken and any subsequent hearing must be a trial de novo when plaintiff's circumstances change. Deputy Commissioner Phillips removed the claim from the active hearing docket pending improvement of plaintiff's condition.
On February 5, 2010, plaintiff's counsel filed a motion of dismissal of party joined after hearing. Plaintiff's counsel stated in her motion that she believed the proper named defendant was Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation and, due to plaintiff's condition, it would not be possible to obtain a resolution of this matter so long as defendants, Hall's Boat Repair, Inc., and Robert Hall, individually, were parties to this action. *Page 4 
Subsequently, Deputy Commissioner Phillips entered an Order dated February 15, 2010 granting plaintiff's motion and thereby dismissing defendants, Hall's Boat Repair, Inc., and Robert Hall, individually.
On March 1, 2010, counsel for defendant Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation filed a motion to reconsider Deputy Commissioner Phillips' Order of February 15, 2010. In that motion counsel noted that Deputy Commissioner Phillips' previous Orders of February 9, 2009 and June 30, 2009 ruled that defendants, Hall's Boat Repair, Inc., and Robert Hall, individually, were proper parties. Additionally, defense counsel argued that the decision of one Deputy Commissioner could not be vacated by another Deputy Commissioner.
On April 21, 2010, Deputy Commissioner Phillips issued an Order rescinding the Order of February 15, 2010. In this Order the Deputy Commissioner added defendants, Hall's Boat Repair, Inc., and Robert Hall, individually, back into the claim. Deputy Commissioner Phillips also ordered the matter to remain off the active hearing docket until plaintiff was able to attend a new trial.
On June 24, 2010, plaintiff's counsel filed a motion for reconsideration of a party joined after hearing. Plaintiff's counsel stated in her motion that there was no remedy for plaintiff if the newly added defendants were not dismissed from this action. Counsel also stated in her motion that plaintiff had returned to his native country of Honduras and that plaintiff would be unable to testify further.
Deputy Commissioner Phillips treated an email dated February 5, 2010 she received from counsel for defendants, Hall's Boat Repair, Inc., and Robert Hall, individually, as a motion. In that email, counsel for defendants, Hall's Boat Repair, Inc., and Robert Hall, responded to the *Page 5 
previous motions filed by plaintiff and defendant Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation. Counsel stated that his clients would be prejudiced without the opportunity to participate in a de novo hearing.
Deputy Commissioner Phillips entered an Order on July 21, 2010 ruling that plaintiff is unavailable and a denovo hearing in this matter can and should proceed to final adjudication without plaintiff's presence. The Deputy Commissioner denied plaintiff's motion to dismiss defendants, Hall's Boat Repair, Inc., and Robert Hall, individually. Deputy Commissioner Phillips ordered that the matter be set as a special setting in due course. The Deputy Commissioner also ordered that counsel for defendants, Hall's Boat Repair, Inc., and Robert Hall, individually, shall have an opportunity to recall prior witnesses other than plaintiff and offer their own witnesses for testimony.
On July 23, 2010, counsel for defendants, Hall's Boat Repair, Inc., and Robert Hall, individually, requested Deputy Commissioner Phillips reconsider the July 21, 2010 Order. The Deputy Commissioner participated in a telephone conference with all counsel on August 12, 2010. Following the conference call, Deputy Commissioner Phillips on August 13, 2010 ordered that the new hearing would move forward. She also rescinded part of the February 9, 2010, Order and allowed the transcript of the previous hearing on November 28, 2007 to be used as evidence for the new hearing.
Plaintiff and defendants appealed to the Full Commission from the August 13, 2010, Order by Deputy Commissioner Phillips.
 ***********
Upon careful review of the transcript of the hearing on November 16, 2007 before Deputy Commissioner Hall, the Full Commission has determined that defendants Hall's Boat *Page 6 
Repair, Inc. and Robert Hall, individually, are necessary parties to this action. The hearing testimony clearly raises the issue of whether plaintiff was an employee of Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation or Hall's Boat Repair and/or Robert Hall, individually.
Based upon the affidavit submitted by plaintiff's treating physician at UNC Hospital and the correspondence from plaintiff's guardian ad litem, it appears that plaintiff's condition is unlikely to improve and that he is unavailable and unable to participate in a hearing on his claim in the foreseeable future.
Rule 804 of the North Carolina Rules of Evidence provides that the admission of testimony by an unavailable party given at another hearing of the same or different proceeding is only allowable "if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had anopportunity and similar motive to develop the testimony by direct, cross or redirect examination (italics added)." Because Hall's Boat Repair and Robert Hall, individually, were not parties to the claim as of the November 16, 2007, hearing, any subsequent hearing must be de novo. Hall's Boat Repair, Inc., and Robert Hall must have the right to cross examine witnesses and cannot be required to rely upon the cross examination done by co-defendant Skeets Winner and/or Walter Skeets Winner d/b/a Skeets Winner Corporation, whose interests are adverse to those of defendants Hall's Boat Repair, Inc., and Robert Hall. Hinnant v.Holland, 92 N.C. App. 142, 374 S.E.2d 152 (1988).
THEREFORE, Deputy Commissioner Phillips' Order filed August 13, 2010 must be and is HEREBY VACATED.
IT IS FURTHER ORDERED that plaintiff's claim is removed from the Deputy Commissioner's active hearing docket. Should plaintiff's circumstances change such that he is *Page 7 
able to attend a new trial of this matter, the case shall be placed back on the next available hearing docket.
This 24th day of March, 2011.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1