**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1095**

RODERICK A. CARTER,

      Petitioner,

    v.

CPC LOGISTICS, INC.; CPC MEDICAL PRODUCTS, LLC; HOSPIRA FLEET
SERVICES, LLC; DEPARTMENT OF LABOR, Administrative Review Board,

      Respondents.

On Petition for Review of an Order of the Department of Labor. (ARB 15-050)

Submitted: August 28, 2017            Decided: September 5, 2017

Before GREGORY, Chief Judge, and DUNCAN and WYNN, Circuit Judges.

Petition for review granted; case remanded by unpublished per curiam opinion.

Roderick A. Carter, Petitioner Pro Se. Michael F. Harris, HARRIS DOWELL FISHER
& HARRIS, L.C., Chesterfield, Missouri, for Respondents CPC Logistics, Inc. and CPC
Medical Products, LLC. Jerry H. Walters, Jr., LITTLER MENDELSON, P.C., Charlotte,
North Carolina, for Respondent Hospira Fleet Services, LLC. Nicholas C. Geale, Acting
Solicitor of Labor, Ann S. Rosenthal, Associate Solicitor for Occupational Safety and
Health, Heather R. Phillips, Allison Graham Kramer, UNITED STATES
DEPARTMENT OF LABOR, Washington, D.C., for Respondent Department Of Labor.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick A. Carter petitions for review of the Administrative Review Board's (ARB) decision and order dismissing his complaint of retaliatory discharge filed pursuant to the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 31105 (2012). Carter initiated this action by filing a complaint with the Occupational Safety and Health Administration (OSHA) alleging that CPC Logistics, Inc., and CPC Medical Products, LLC (collectively, CPC), along with Hospira Fleet Services, LLC (Hospira), violated the STAA by terminating him from his job as a truck driver for engaging in the protected activity of taking breaks when he became too tired to safely drive.[1] After the OSHA Area Director dismissed Carter's complaint, Carter requested a hearing before an administrative law judge (ALJ) with the Department of Labor. The ALJ found that CPC was Carter's employer and dismissed Hospira.[2] The ALJ further determined that Carter engaged in STAA-protected activity on one occasion by refusing to drive while ill, but found incredible Carter's testimony that his delays during his trucking route were caused by STAA-protected fatigue breaks and that he reported this to two of his CPC supervisors. The ALJ then concluded that Carter's one instance of STAA-protected

---

[1] Carter also alleged that his protected activity included lodging complaints with his superiors about CPC's purported policy of not allowing drivers such breaks. However, we conclude that Carter abandoned this claim by failing to press it at his administrative hearing.

[2] Hospira contracted with CPC to provide trucking services for the delivery of Hospira supplies. Carter's informal brief does not challenge the ALJ's dismissal of Hospira, and we thus conclude that Carter has forfeited appellate review of that issue. *See* 4th Cir. R. 34(b) (limiting review to issues raised in informal brief).

activity was not a contributing factor in his termination and therefore dismissed Carter's complaint. The ARB agreed with the ALJ and affirmed the dismissal of Carter's complaint.

On appeal, Carter contends that the ALJ improperly discredited his testimony that he engaged in additional instances of protected activity by refusing to drive when fatigued and that he reported the need to take fatigue breaks to two supervisors when they questioned him about the purportedly excessive time that it took for Carter to complete his route. Our review of the record leads us to agree with Carter that the ALJ overlooked important evidence in considering this issue, and therefore, we grant Carter's petition for review and remand for further proceedings.

"Under the scheme established by Congress, the Secretary of Labor makes final determinations on [STAA] violations subject to appellate court review." *Calhoun v. United States Dep't of Labor*, 576 F.3d 201, 208 (4th Cir. 2009) (ellipses and internal quotation marks omitted); *see also* 49 U.S.C. § 31105(d) (establishing appellate court review). "When reviewing the Secretary's determination, we are bound by his legal conclusions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and by his factual findings if they are supported by substantial evidence." *Yellow Freight Sys., Inc. v. Reich*, 8 F.3d 980, 984 (4th Cir. 1993) (citations and internal quotation marks omitted). Regarding the latter, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pac Tell Group, Inc. v. NLRB*, 817 F.3d 85, 90 (4th Cir. 2016) (internal quotation marks omitted). In reviewing the Secretary's ultimate decision, "[w]e are

4

mindful . . . of the deference due the Secretary's interpretation of a statute Congress charged him with administering." *Yellow Freight Sys., Inc.*, 8 F.3d at 984.

As pertinent here, the STAA prohibits an employer from discharging an employee for refusing to operate a vehicle because "the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security." 49 U.S.C. § 31105(a)(1)(B)(i). To prevail on a claim under § 31105(a)(1)(B), an employee must first establish a prima facie case that "(1) he engaged in protected activity, (2) his employer took adverse employment action against him, and (3) there is a causal relationship between his protected activity and the adverse employment action." *Calhoun*, 576 F.3d at 209. The causal relationship prong is satisfied if the employee shows that the protected activity was a contributing factor to the adverse employment action. *See* 49 U.S.C. § 31105(b)(1) (stating that complaint filed under § 31105 is governed by "burdens of proof" in 49 U.S.C. § 42121 (2012)); *id.* § 42121(b)(2)(B)(i) (providing that employee must show that protected activity "was a contributing factor in the unfavorable personnel action").

We have previously recognized that the "driver fatigue rule," 49 C.F.R. § 392.3 (2017), which prohibits a driver from operating a commercial motor vehicle while suffering from an unsafe level of fatigue, falls within the protection of the STAA. *Yellow Freight Sys., Inc.*, 8 F.3d at 984. We have explained that "[t]he STAA protects . . . a driver who may unexpectedly encounter fatigue on the course of a journey; [but] it obviously does not protect delays unrelated to the statutory purposes of public and personal safety." *Id.* at 988.

5

Here, Carter challenges the ARB's adoption of the ALJ's factual findings—based on a credibility determination—that Carter never told his CPC supervisors that his delays were caused by fatigue breaks and that Carter's delays were not actually caused by such breaks. We will only disturb an ALJ's credibility determination under exceptional circumstances—for example, when that "credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all." *NLRB v. CWI of Md., Inc.*, 127 F.3d 319, 326 (4th Cir. 1997) (internal quotation marks omitted).

After observing the demeanor of the witnesses at the administrative hearing and comparing the testimony with certain documentary evidence, the ALJ provided several good reasons for finding that Carter's testimony was generally unbelievable. However, we conclude that the ALJ's particular credibility finding on Carter's claim that he reported the need to take rest breaks to his supervisors does not enjoy the same record support. Although the ALJ acknowledged that Carter made general statements that he was entitled to rest breaks during his employment with CPC, the ALJ did not make a finding as to whom these statements were made. Further, the ALJ declined to credit Carter's testimony that Carter told two of his supervisors that his delays were caused by rest breaks—a finding that may conflict with the ALJ's determination that Carter made general statements on the topic because Carter testified that he made those general statements regarding fatigue breaks to only three men, including the two supervisors.

Aside from these potentially conflicting findings, there is a significant problem with the ALJ's determination that Carter never mentioned fatigue breaks to his

6

supervisors: CPC's position statement to OSHA, which Carter introduced at the administrative hearing, acknowledges that Carter mentioned fatigue breaks to two supervisors when questioned about his performance. In fact, CPC and Carter agreed that Carter mentioned fatigue breaks during a telephone conversation with a supervisor about one month before he was fired, but the ALJ inexplicably found that fatigue breaks were never mentioned during that conversation. Given CPC's concession that Carter mentioned fatigue breaks to his supervisors when questioned about his delays, we conclude that the ALJ's finding that Carter never told his supervisors that his delays were caused by such breaks is not supported by substantial evidence.[3] Furthermore, because the ALJ's finding that Carter's delays were not truly caused by fatigue breaks rested on this factual error, we also conclude that finding is not supported by substantial evidence.

We further conclude that the ALJ's flawed factual analysis, adopted by the ARB, prejudiced Carter. *See Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 253 (4th Cir. 2016) (recognizing that we generally apply harmless error rule to administrative adjudications). The evidence overlooked by the ALJ and the ARB is significant given CPC's admission that Carter's delays were a factor in his termination, and thus, it is impossible to determine that the ALJ's error "did not adversely affect the outcome of th[is] case." *Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 53 (4th Cir. 1993). Because the

---

[3] The ALJ's credibility analysis on this issue also cited Carter's failure to call dispatch when he took a rest break "as he was required to do," but the ALJ neglected to cite any evidence indicating that a driver was required to notify dispatch each time he took a break.

7

impact of the ALJ's error on Carter's ability to establish a prima facie case of retaliation cannot be measured, remand is required.

Accordingly, we grant Carter's petition for review and remand for the Secretary to reconsider Carter's refusal to drive claim against CPC in light of CPC's statements that Carter reported taking fatigue breaks to CPC management when asked about his delays and that Carter's delays were a factor in his termination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION FOR REVIEW GRANTED;*
*CASE REMANDED*