**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2135**

RODERICK A. CARTER,

             Petitioner,

      v.

CPC LOGISTICS, INC.; CPC MEDICAL PRODUCTS, LLC; HOSPIRA FLEET
SERVICES, LLC; DEPARTMENT OF LABOR,

             Respondents.

On Petition for Review of an Order of the Department of Labor.  (ARB 2018-0078)

Submitted:  March 26, 2020                          Decided:  April 7, 2020

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and SHEDD, Senior Circuit
Judge.

Petition denied by unpublished per curiam opinion.

Roderick A. Carter, Petitioner Pro Se.  Sarah Marie Roberts, UNITED STATES
DEPARTMENT OF LABOR, Washington, D.C.; Jerry Howard Walters, Jr., LITTLER
MENDELSON PC, Charlotte, North Carolina; Michael Francis Harris, HARRIS
DOWELL FISHER & HARRIS L.C., Chesterfield, Missouri, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick A. Carter petitions for review of the Administrative Review Board's (ARB) final decision and order affirming the Administrative Law Judge's (ALJ) decision and order on remand denying his complaint of retaliatory discharge filed pursuant to the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 31105 (2018). We deny the petition for review.

"Under the scheme established by Congress, the Secretary of Labor makes final determinations on [STAA] violations subject to appellate court review." *Calhoun v. United States Dep't of Labor*, 576 F.3d 201, 208 (4th Cir. 2009) (ellipses and internal quotation marks omitted); *see also* 49 U.S.C. § 31105(d) (establishing appellate court review). "When reviewing the Secretary's determination, we are bound by his legal conclusions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and by his factual findings if they are supported by substantial evidence." *Yellow Freight Sys., Inc. v. Reich*, 8 F.3d 980, 984 (4th Cir. 1993) (citation and internal quotation marks omitted). Regarding the latter, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pac Tell Group, Inc. v. NLRB*, 817 F.3d 85, 90 (4th Cir. 2016) (internal quotation marks omitted). In reviewing the Secretary's ultimate decision, "[w]e are mindful . . . of the deference due the Secretary's interpretation of a statute Congress charged him with administering." *Yellow Freight Sys., Inc.*, 8 F.3d at 984.

As pertinent here, the STAA prohibits an employer from discharging an employee for refusing to operate a vehicle because "the operation violates a regulation, standard, or

2

order of the United States related to commercial motor vehicle safety, health, or security." 49 U.S.C. § 31105(a)(1)(B)(i).  To prevail, an employee must first establish a prima facie case that "(1) he engaged in protected activity, (2) his employer took adverse employment action against him, and (3) there is a causal relationship between his protected activity and the adverse employment action." *Calhoun*, 576 F.3d at 209.  The causal relationship prong is satisfied if the employee shows that the protected activity was a contributing factor to the adverse employment action.  *See* 49 U.S.C. § 31105(b)(1) (stating that complaint filed under § 31105 is governed by "burdens of proof" in 49 U.S.C. § 42121 (2018)); *id.* § 42121(b)(2)(B)(i) (providing that employee must show that protected activity "was a contributing factor in the unfavorable personnel action").

We conclude that the ALJ properly considered the deficiencies in his initial decision that were highlighted in our opinion granting Carter's petition for review.  *See Carter v. CPC Logistics, Inc.*, 706 F. App'x 794 (4th Cir. 2017) (No. 17-1095).  We further conclude that substantial evidence supports the finding that there was one event when Carter engaged in protected activity, but that the event was not a causal factor in Carter's discharge from employment.  Additionally, we conclude that substantial evidence supports the ALJ's adverse credibility finding and, with the exception of one event, the finding that Carter's delays were not due to reported fatigue breaks.  Lastly, we conclude that there was ample evidence that Carter was discharged due to several factors, none of which involved a protected activity.

Accordingly, we grant leave to proceed in forma pauperis and deny the petition for review.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*